**544**

UNITED STATES of America

v.

Shepard **BONEPARTH** and **J. S.** Boneparth & Sons, Inc., Defendants.

No. 71 CR. 538.

United States District Court,
S. D. New York.

June 23, 1971.

Richenthal, Abrams & Moss, New York City, for Shepard Boneparth, Arthur Richenthal, New York City, of counsel.

Eaton, Van Winkle & Greenspoon, New York City, for J. S. Boneparth & Sons, Inc., Samuel N. Greenspoon, New York City, of counsel.

Whitney North Seymour, Jr., U. S. Atty. for the Southern Dist. of New York, New York City, for United States, Patricia M. Hynes, Asst. U. S. Atty., of counsel.

## OPINION

MacMAHON, District Judge.

Defendants are charged in a ninety-count indictment with violations of 18 U.S.C. § 712. The government contends that defendants unlawfully engaged in the business of collecting private debts by forwarding communications to delinquent debtor-customers which were calculated to give the false impression that an official agency of the United States sought credit information. Defendants now move for a bill of particulars under Rule 7(f), Fed.R.Crim.P., and for an order directing the government to turn over exculpatory material in accordance with Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

■ The purpose of a bill of particulars is to amplify charges in an indictment so that an accused may obtain ultimate facts to prepare a defense, avoid undue surprise at trial and preclude double jeopardy. United States v. Lebron, 222 F.2d 531 (2d Cir.), cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); United States v. Mavrogiorgis, 49 F.R.D. 214 (S.D.N.Y.1969). It is not intended, however, to be a device for obtaining disclosure of government evidence or witnesses. United States v. McCarthy, 292 F.Supp. 937, 940 (S.D.N.Y.1968).

■■ Defendants' items numbered 1 through 5 of the bill of particulars seek the means by which Shepard Boneparth forwarded the communications and the names of the persons to whom the communications were forwarded. These requests are denied because the manner or means by which a crime is carried out constitutes evidentiary matter, not ultimate facts, which the government is not required to produce, United States v. Cimino, 31 F.R.D. 277, 279 (S.D.N.Y. 1962), and because the indictment clearly sets forth the persons to whom the communications were forwarded.

■ Defendants' items numbered 6 and 7 of the bill of particulars seek the names of the persons, if any, who received the communications. The government does not have to comply with these requests because they are in effect requests for the names of government witnesses. United States v. Louis Carreau, Inc., 42 F.R.D. 408, 411 (S.D.N.Y.1967).

We now turn briefly to defendants' motion for exculpatory material.

■■ The short answer to this motion is that the government has an obligation, wholly apart from discovery motions, to disclose exculpatory evidence. A motion for exculpatory evidence is, therefore, unnecessary and not authorized prior to trial by Brady v. Maryland, supra. United States v. McCarthy, supra, 292 F.Supp. at 938; United States v. Leighton, 265 F.Supp. 27, 35 (S.D.N.Y.1967).

Accordingly, defendants' motions for a bill of particulars and for exculpatory material are in all respects denied.

So ordered.