**UNITED STATES of America, Appellee,**

v.

**Troy L. WILEY, Appellant.**

**No. 74–1266.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1974.

Decided Sept. 16, 1974.

Troy L. Wiley, pro se.

W. H. Dillahunty, U. S. Atty., and Richard M. Pence, Jr., Asst. U. S. Atty., Little Rock, Ark., for appellee.

Before GIBSON, Chief Judge BRIGHT, Circuit Judge and TALBOT SMITH,* Senior District Judge.

TALBOT SMITH, Senior District Judge.

Defendant Troy L. Wiley appeals from his conviction by a jury of two counts of violation of 26 U.S.C. § 7203, willful failure to file an income tax return.[1] He contends the trial court erred in failing to give a requested instruction on "jury nullification," and in failing to dismiss because of alleged discriminatory and arbitrary enforcement of the statute here involved. We affirm.

The defendant's proposed instruction states in part that "the members of the jury have an inherent right

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Defendant was acquitted on a third count.

to disregard the instructions of the court and the evidence presented and return a verdict of acquittal if you find that the defendant was not blameworthy in the sense that he has not shocked the community conscience * * *." [2] It would serve no useful purpose to repeat here the debates over jury nullification which have been presented from time to time.[3] Suffice it to say that we are persuaded, as have been all the federal courts which have recently considered the issue,[4] that the defendant is not entitled to the instruction here requested. Particularly relevant here are the pointed observations of Judge Sobeloff in United States v. Moylan, 417 F.2d 1002, 1009 (4th Cir. 1969), cert. denied, 397 U.S. 910, 90 S.Ct. 908, 25 L.Ed.2d 91 (1970):

> To encourage individuals to make their own determinations as to which laws they will obey and which they will permit themselves as a matter of conscience to disobey is to invite chaos. No legal system could long survive if it gave every individual the option of disregarding with impunity any law which by his personal standard was judged morally untenable.

 The defendant, an attorney, moved to dismiss the indictment alleging that the Government discriminatorily enforces 26 U.S.C. § 7203 "by intentionally and purposefully prosecuting self-employed persons, particularly professionals and specifically attorneys." His proofs thereon failed to convince the trial judge, and we find no error in the denial of the motion. It is clear that a reasonable prosecutorial discretion is inherent in our judicial system. As we stated in United States v. Alarik, 439 F.2d 1349, 1350–1351 (8th Cir. 1971):

> [T]he law is clear that a prosecutor may exercise discretion in deciding who should be prosecuted as long as he does not deliberately discriminate between persons in similar circumstances based upon an unjustifiable standard such as race, religion, or other arbitrary classification. [Citations and footnote omitted.]

Affirmed.

---

2. The full text reads:
 Now that you have heard the evidence and argument, it becomes my duty to give you the instructions of the court as to the law applicable in this case.
 Generally, it is your duty as jurors to consider the law as stated in the instructions of the court and to apply the rules of law so given to the facts as you find them from the evidence in the case.
 It is my duty, however, to instruct you that you the members of the jury have an inherent right to disregard the instructions of the court and the evidence presented and return a verdict of acquittal if you find that the defendant was not blameworthy in the sense that he has not shocked the community conscience, or if you further feel that he is a victim of an oppressive or discriminatory prosecution.

3. E. g., Follow-up/The Jury, Center Magazine, July, 1970, at 59; Scheflin, Jury Nulli-

fication: The Right to Say No, 45 S.Cal.L. Rev. 168 (1972); Comment, Jury Nullification and the Pro Se Defense: The Impact of Dougherty v. United States, 21 Kan.L. Rev. 47, 57–63 (1972).

4. United States v. Dougherty, 154 U.S.App. D.C. 76, 473 F.2d 1113, 1130–1137 (1972); United States v. Dellinger, 472 F.2d 340, 408 (7th Cir. 1972), cert. denied, 410 U.S. 970, 93 S.Ct. 1443, 35 L.Ed.2d 706 (1973); United States v. Simpson, 460 F.2d 515, 518–519 (9th Cir. 1972); United States v. Boardman, 419 F.2d 110, 116 (1st Cir. 1969), cert. denied, 397 U.S. 991, 90 S.Ct. 1124, 25 L.Ed.2d 398 (1970); United States v. Moylan, 417 F.2d 1002, 1005–1007 (4th Cir. 1969), cert. denied, 397 U.S. 910, 90 S.Ct. 908, 25 L.Ed. 2d 91 (1970). See United States v. Sawyers, 423 F.2d 1335, 1341 (4th Cir. 1970).