**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joseph ELKINS and Dyeatra Carter,**
**Defendants-Appellants.**

**Nos. 81–3023, 81–3022.**

United States Court of Appeals,
Sixth Circuit.

Argued Jan. 18, 1982.
Decided July 9, 1982.

James R. Willis, Cleveland, Ohio, for defendants-appellants.

James R. Williams, U. S. Atty., Terry W. Lehmann, Robert Steinberg, Asst. U. S. Attys., Cincinnati, Ohio, for plaintiff-appellees.

Before EDWARDS, Chief Judge, BROWN, Senior Circuit Judge and COHN,* District Judge.

---

* Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

GEORGE CLIFTON EDWARDS, Jr., Chief Judge.

Appellants Elkins and Carter were convicted after jury trial in 1977 on multiple counts concerning a massive racketeering conspiracy involving, among other crimes, the possession and sale of heroin. They were each sentenced to a total of 82 years' imprisonment.

A panel of this court reversed their convictions based principally on its construction of the term "enterprise" contained in 18 U.S.C. § 1962(c). *United States v. Sutton,* 605 F.2d 260 (6th Cir. 1979). This decision, however, was vacated when the entire court determined to rehear the case en banc. 642 F.2d 1001 (Case 1) (6th Cir. 1979). While the en banc rehearing was pending, appellants were released on bail. This court subsequently affirmed their convictions, interpreting "enterprise" differently than had the original panel. 642 F.2d 1001 (Case 2) (6th Cir. 1980) (en banc), *cert. denied,* 453 U.S. 912, 101 S.Ct. 3144, 69 L.Ed.2d 995 (1981).

The District Judge acted on the same day that our en banc opinion was released, December 3, 1980. On that date, he rescinded the bail bonds previously granted these defendants and ordered their immediate arrest. He also set a hearing for five days later, December 8. On that date, he (1) formally revoked the bonds, (2) entered corrections of sentence ordered by this court on grounds of merger of two offenses, and (3) sua sponte reduced the total sentences previously entered from 82 years to 15 years.

This court had not issued its mandate as of the time these actions were taken.[1]

In addition, at the December 8 hearing, appellants filed a motion for recusal of the District Judge; he took no immediate action on the motion and subsequently dismissed it as moot.

Appellants' two stated issues are as follows:

Whether a District Court has both jurisdiction and the power to summarily revoke an appellant's appeal bond and order [his] sentence into execution solely on the basis of an Appeals Court's affirmance of [his] criminal conviction prior to the issuance of a mandate from the appellate court.

Where, pursuant to 28 U.S.C. §§ 144 and 455, a legally sufficient affidavit for recusal of a District Court Judge is seasonably filed, may the Judge, against whom such effort is directed, proceed further in said cause before the issues raised thereby are resolved in a meaningful way.

As to the first stated issue, we are able to find no reversible error.

The panel of this court that heard this case in the first instance directed appellants' release on bail after it had reversed their convictions. In doing so, it directed them to "apply to the district court for the[ir] release pending appeal conditioned upon the execution and filing with the clerk of the United States District Court for the Southern District of Ohio of an appearance bond in the amount of $25,000 secured by the deposit in the registry of the United States District Court for the Southern District of Ohio of cash, bank certificate of deposit or United States Government securities in the amount of $5,000.00." This order effectively returned jurisdiction over the bail bond proceedings to the District Court.

In view of these facts and the lengthy sentences confronting these two appellants, we find neither lack of jurisdiction nor abuse of discretion in the District Judge's prompt vacation of the bond on receipt of the opinion of this court upholding appellants' convictions. The record before him (and this court likewise!) showed that on the day he ordered appellants' arrest each was confronting an 82-year penitentiary sentence and each had been engaged in substantial and lucrative drug trafficking. The possibility of flight under these circum-

---

1. *See* Fed.R.App.P. 41(a). Appellants do not appeal the order reducing their sentences on this or any other ground.

stances was certainly significant. The order to vacate appellants' bonds and rearrest them is not related to or governed by the issuance of the mandate of this court.

In a case examining a district judge's power to order a convicted defendant to surrender after affirmance of his conviction but before the mandate of the appellate court had issued, the Seventh Circuit said:

> The filing of a notice of appeal, although transferring jurisdiction over the case from the district court to the Court of Appeals, does not render the district judge powerless or without jurisdiction to enforce the conditions of a bond under which defendant has been released pending appeal. The court retains jurisdiction over the person of the defendant at least for the limited purposes of reviewing, altering or amending the conditions under which that court released the defendant, and is empowered to revoke or forfeit the defendant's bond during the pendency of an appeal for any of the reasons which would have supported an initial denial of the defendant's application for release. In view of the fact that, during the pendency of an appeal, facts may come to light which render it advisable for the district court to alter the conditions upon which defendant has been released, or to revoke his bond altogether, the same statute which explicitly empowers the district court to impose conditions upon release pending appeal, implicitly empowers the court to make such adjustments in those conditions as circumstances may necessitate.

*United States v. Black*, 543 F.2d 35, 37 (7th Cir. 1976). We agree.

Additionally, since the Supreme Court denied certiorari in relation to appellants' appeal from our affirmance of their convictions, 453 U.S. 912, 101 S.Ct. 3144, 69 L.Ed.2d 995 (1981), this issue is moot.

We turn now to appellants' recusal issue. In *Ex Parte American Steel Barrel Co.*, 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913), the Supreme Court said:

> Neither was [Judicial Code, ch. 231, § 21, 36 Stat. 1090 (1911) (current version at 28 U.S.C. § 144 (1976))] intended to paralyze the action of a judge who has heard the case, or a question in it, by the interposition of a motion to disqualify him between a hearing and a determination of the matter heard. This is the plain meaning of the requirement that the affidavit shall be filed not less than ten days before the beginning of the term.

230 U.S. at 44, 33 S.Ct. at 1010. The 10-day limit is not mandatory; good cause may be shown for failure to file within such time.

Elkins' recusal motion, which was filed on December 8, 1980, attempted to demonstrate the District Judge's personal bias and prejudice against him by reference primarily to the inclemency of the sentence imposed on him on November 25, 1977, and to the fact that at least three orders had to be issued by this court before the District Judge ordered his release on bail pending appeal on February 12, 1980. The timeliness of the motion on the record before us is not clear. However, if we were to reach the merits we would hold that the District Judge's actions in this case represented his judicial reaction to the facts before him and were not grounds for recusal. *See United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *Oliver v. Michigan State Board of Education*, 508 F.2d 178, 180 (6th Cir. 1974), *cert. denied*, 421 U.S. 963, 95 S.Ct. 1950, 44 L.Ed.2d 449 (1975).

For the reasons set forth above, the appeals in this case are dismissed.