UNITED STATES of America, Appellee,

v.

**Paul M. DREFKE, Appellant.**

UNITED STATES of America, Appellee,

v.

**Richard O. JAMESON, Appellant.**

Nos. 82–1706, 82–1787.

United States Court of Appeals, Eighth Circuit.

Submitted May 9, 1983.

Decided May 13, 1983.

Motion for Stay of Mandate Denied June 7, 1983.

Richard O. Jameson, pro se.

Paul M. Drefke, pro se.

Robert G. Ulrich, U.S. Atty., David C. Jones, Asst. U.S. Atty., Springfield, Mo., for appellee.

Before BRIGHT, ROSS and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Paul Drefke and Richard Jameson were both convicted of failure to file income tax returns for the years 1979 and 1980 in violation of 26 U.S.C. § 7203 and for filing false withholding exemption certificates for the years 1979, 1980 and 1981 in violation of 26 U.S.C. § 7205. They were arrested at the same time but tried separately before juries,[1] Jameson approximately two weeks after Drefke. Both were sentenced to two years in the custody of the Attorney General and placed on probation for three years. Because both raise a number of the same issues, we consider their appeals together. Both have filed lengthy pro se briefs with numerous attachments. We affirm all counts of both convictions.

Drefke and Jameson during calendar years 1979, 1980 and 1981 were employed by Roadway Express, Inc. in Strafford, Missouri. In 1979 Drefke had a gross income of $31,651.34 and in 1980 his gross income was $39,497.26. In 1979, Jameson had a gross income of $28,517.98, and in 1980 his gross income was $30,881.76. Both failed to file tax returns for these two years although they had previously filed tax returns for the years 1976, 1977 and 1978. In 1979, 1980 and 1981 Drefke and Jameson filed W–4 forms with their employer in which they claimed that they were exempt from federal income taxes and certified that they had not incurred a liability for federal income taxes in the preceding calendar year.

A five count indictment was returned against both men charging them with failing to file income tax returns for the two years[2] and of filing the three false withholding exemption certificates.[3] The separate trials resulted in the convictions of both Drefke and Jameson on all five counts.

## I.

Drefke and Jameson contend that 18 U.S.C. § 3231[4] does not confer jurisdiction

---

1. Before the Honorable Russell G. Clark, Chief Judge, Western District of Missouri.

2. In violation of 26 U.S.C. § 7203 which provides:
   Any person required under this title ... to make a return, ... who willfully fails to make such return, ... shall ... be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than one year, or both, together with costs of prosecution.

3. In violation of 26 U.S.C. § 7205 which provides:

   Any individual required to supply information to his employer ... who willfully supplies false or fraudulent information ... shall ... upon conviction thereof, be fined not more than $10,000, or imprisoned not more than one year, or both.

4. Section 3231 provides:
   The district court of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States.

on federal courts to try tax offenses. They argue that the general jurisdiction granted to federal courts in § 3231 extends only to those federal crimes which appear in Title 18 of the United States Code. The argument is without merit.

In *United States v. Spurgeon,* 671 F.2d 1198 (8th Cir.1982), we held that § 3231 confers jurisdiction on district courts to try charges of failure to file income tax returns. *Id.* at 1199. Section 3231 grants federal courts jurisdiction over *"all offenses against the laws of the United States"* (emphasis added). Article I, Section 8 of the Constitution and the Sixteenth Amendment empower Congress to create and *enforce* an income tax. Pursuant to that power, Congress made federal crimes of certain actions aimed at avoiding payment of income tax. *See* 26 U.S.C. §§ 7201–7210. The district court, then, clearly had jurisdiction under 18 U.S.C. § 3231 to try the appellants for the offenses of failure to file income tax returns and filing false withholding exemption certificates.

Drefke also charges that the district court "obstructed justice" by refusing to consider his jurisdictional challenge. This argument is frivolous, and can only be considered as advanced in bad faith because the district court reviewed and denied Drefke's jurisdictional motions in an order issued on April 2, 1982.

## II.

■ Drefke and Jameson both argue that they were denied an administrative hearing on jurisdiction in violation of the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.* The Act does not impose a requirement of adversary hearings before an agency but only specifies the procedure to be followed when a hearing is required by another statute. *Califano v. Saunders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Webster Groves Trust Co. v. Saxon,* 370 F.2d 381 (8th Cir.1966). The Internal Revenue Code nowhere grants individuals who are under criminal investigation the right to a hearing to challenge the Service's jurisdiction over them. Therefore the provisions of the Administrative Procedure Act cited by Drefke and Jameson are inapplicable.

## III.

■ Drefke argues that taxes are debts which can only be incurred voluntarily when individuals contract with the government for services and that those who choose to enter such contracts do so by signing 1040 and W–4 forms. By refusing to sign those forms, Drefke argues he is "immune" from the Internal Revenue Service's jurisdiction as a "nontaxpayer."

This is an imaginative argument, but totally without arguable merit. 26 U.S.C. § 1 imposes upon "every" individual a certain rate of income tax depending upon their amount of taxable income. 26 U.S.C. § 6012 states that unmarried individuals having a gross income in excess of $4,300, and married individuals entitled to make joint returns having a gross income in excess of $5,400 "shall" file tax returns for the taxable year. Considering Drefke's gross income for 1979 and 1980, he was clearly required to file tax returns for those years.

26 U.S.C. § 6151 states that when a tax return is required to be filed, the person so required "shall" pay such taxes to the internal revenue officer with whom the return is filed at the fixed time and place. The sections of the Internal Revenue Code *imposed a duty* on Drefke to file tax returns and pay the appropriate rate of income tax, a duty which he chose to ignore.

## IV.

Jameson argued during voir dire that he would be prejudiced by media coverage of the trial of Paul Drefke. Drefke's trial, which ended two weeks before Jameson's commenced, received substantial media attention. The district court conducted a lengthy voir dire examination to insure an impartial jury, and identified those who knew about Drefke's trial and excluded those persons from the jury. Jameson requested and the district court denied separate written and oral voir dire of the seventy-one prospective jurors.

■ It is well established that decisions regarding the form and scope of voir dire examination are left largely to the discretion of the district court. *Ham v. South Carolina,* 409 U.S. 524, 528, 93 S.Ct. 848, 851, 35 L.Ed.2d 46 (1973); *United States v. Bowman,* 602 F.2d 160 (8th Cir.1979). Absent a finding of substantial prejudice or an abuse of discretion appellate courts will not disturb such decisions. *United States v. Kershman,* 555 F.2d 198 (8th Cir.1977), *cert. denied,* 434 U.S. 892, 98 S.Ct. 268, 54 L.Ed.2d 178 (1977). No substantial prejudice or abuse of discretion occurred in the present case from the district court's failure to permit a separate voir dire.

■ Jameson further argues that the district court erred in denying his motion to quash the entire jury panel for prejudice. During voir dire one venireman, in response to the question whether he could be impartial, stated: "I feel that if the individual was a mature individual with an income, he had knowledge that he should by law file an income tax return." We do not believe that this isolated comment caused substantial prejudice to Jameson and the district court's denial of his motion to quash the panel was not an abuse of discretion.

## V.

■ Jameson argues that he was prejudiced by the district court's denial of several jury instructions including an instruction on "jury nullification," that would have told the jury that it had a right to ignore the court's instructions on the law in the case. He contends that the authors of the Bill of Rights intended the Sixth Amendment to incorporate such a right, and makes a lengthy argument based on historical precedents.

We have specifically held in other cases involving prosecutions under tax laws that there is no right to a jury nullification instruction. *United States v. Buttorff,* 572 F.2d 619, 627 (8th Cir.1978); *United States v. Wiley,* 503 F.2d 106, 107 (8th Cir.1974). In *Wiley* we said, quoting earlier authority:

> To encourage individuals to make their own determinations as to which laws they will obey and which they will permit themselves as a matter of conscience to disobey is to invite chaos. No legal system could long survive if it gave every individual the option of disregarding with impunity any law which by his personal standard was judged morally untenable.

503 F.2d at 107.

Since the Supreme Court's decision in *Sparf and Hanson v. United States,* 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343 (1895), federal courts have uniformly recognized the right and duty of the judge to instruct the jury on the law and the jury's obligation to apply the law to the facts, and that nullification instructions should not be allowed. It would serve no useful purpose to examine the history of nullification instructions further,[5] or to engage in debate concerning the relationship between the general verdict and the court's instructions. The jury returned a general verdict against Jameson finding him guilty on all counts.

■ Jameson further argues that the district court erred in refusing to define the words "fraudulent" and "income". 26 U.S.C. § 7205 makes it a crime to supply "false" or "fraudulent" information.[6] The government proceeded under the theory that the withholding exemption certificates submitted were false and the term "false" was defined by the district court. 26 U.S.C. § 7203 uses the term "gross income" which was also defined by the district court in an instruction. Jameson's arguments that further definitions were required have no merit.

## VI.

■ Drefke argues that 26 U.S.C. §§ 7203 and 7205 giving rise to his convic-

---

5. An exhaustive discussion is contained in *United States v. Moylan,* 417 F.2d 1002 (4th Cir.1969) involving the trial of the Vietnam War protestors. The problems attendant on the use of nullification instructions in cases tried pro se was discussed in *United States v. Dougherty,* 473 F.2d 1113, 1137 (D.C.Cir.1972).

6. *See* note 2 *supra.*

tion constitute punishment for failure to give self-incriminating information. Both the Supreme Court and the Eighth Circuit have held that the Fifth Amendment right against self-incrimination does not authorize individuals to refuse to disclose information concerning their income. *United States v. Sullivan,* 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927); *United States v. Russell,* 585 F.2d 368 (8th Cir.1978).

Drefke also argues that these sections violate the Thirteenth Amendment prohibition on involuntary servitude because they authorize imprisonment for nonpayment of debts. The Thirteenth Amendment, however, is inapplicable where involuntary servitude is imposed as punishment for a crime. Drefke was prosecuted and convicted for the violation of two federal offenses: failure to file income tax returns and filing false withholding exemption certificates.

## VII.

Denying Jameson a non-jury trial was not error because the government refused to consent to Jameson's waiver of his right to a jury trial, as is required by Rule 23(a) of the Fed.R. of Crim.P.

Jameson argues that W–4 forms which he had signed in previous years and which were admitted into evidence against him were involuntary confessions. He contends that the district court violated 18 U.S.C. § 3501(b)(2) by failing to hold a hearing to determine whether these confessions were voluntary and admissible. It is evident that signed W–4 forms are not confessions and that 18 U.S.C. § 3501(a) has no relevance to this case.

Jameson's argument that the assistant district attorney created prejudice by referring to him in argument as "Mr. Drefke" is without merit. The attorney stated the occurrence was purely accidental and the reference to Drefke was insignificant because no member of the jury had knowledge of Drefke's trial.

## VIII.

Drefke has submitted over 240 pages of documents in addition to his brief and reply brief, which are labeled exhibits, addendums and supplements. Some of these additional documents are affidavits, earlier prepared petitions or briefs, a lengthy written report concerning jurisdiction to try criminal sanctions in the Internal Revenue Code, and some material that is simply additional argument. Jameson likewise has filed supplemental materials substantially in excess of the brief limitations and which similarly contain affidavits, newspaper articles and written statements of position. Some of the documents evidently were prepared by an information service. There is no showing that these particular items were before the district court. Justice Blackmun, then a Judge of this Court, rejected consideration of affidavits contained in the appendix of a brief in *Stearns v. Hertz Corp.,* 326 F.2d 405, 408 (8th Cir.1964), and stated:

Plaintiffs' attempt to buttress their statutory purpose argument with a state legislator's affidavit produced for the first time in an appendix to their appellate reply brief is of no consequence. In addition to serious questions of admissibility and of persuasiveness, [citations omitted] the affidavit is not to be considered here because it was not presented to the trial court. The appeal is to be determined upon the record below. *Watson v. Rhode Island Ins. Co.,* 196 F.2d 254, 256 (5 Cir.1952).

Drefke argues that Rule 28(j) of the Federal Rules of Appellate Procedure supports this filing. We interpret this rule to permit parties briefly to inform the court in a letter of pertinent authorities that have come to their attention after their briefs have been submitted. We do not read the rule to authorize the filing of lengthy printed or specially prepared materials such as both Drefke and Jameson have attempted to do in this case. As we must review the case on the record of the district court, these items may not be considered by the court.

## IX.

We have considered these and all other allegations of error made in Jameson's and

Drefke's pro se briefs. It is apparent that Jameson and Drefke have gone to great lengths to study a mass of materials that they believe relates to the tax laws, criminal procedures and constitutional rights. From perusing the materials attached to and filed with the briefs discussed in VIII, this was at best a wellspring of misinformation. Both had a substantial income and under misguided interpretation of the law chose not to assume the burden that is imposed on all of our citizens. Finding no error, we affirm their convictions on all counts.

## ON MOTION FOR STAY OF MANDATE

Appellant Paul M. Drefke moves for a stay of mandate to permit application to the Supreme Court of the United States for a writ of certiorari and moves for release pending issuance of the court's mandate.

This court's opinion affirming Drefke's conviction was filed May 13, 1983. The record reveals that the United States District Attorney filed a motion to revoke bail at approximately 11:00 a.m., May 13, 1983, on the ground that Drefke's appeal is frivolous and taken for the purpose of delay, relying on 18 U.S.C. § 3148. The district court entered an order revoking bail, effective at 3:00 p.m. on May 13, 1983, upon motion of the United States "and for good cause shown." Drefke's motion recites that at approximately 4:00 p.m., May 13, 1983, he was arrested and incarcerated.

Our opinion plainly stated that at least two of the grounds asserted in the appeal by Drefke and co-appellant, Richard O. Jameson, were frivolous or without arguable merit. The opinion demonstrates that all of the issues raised were not only without merit, but without arguable merit, and thus legally frivolous. The order of the district court based on the motion that the appeal was frivolous and taken for delay was fully justified.

Even though the filing of the notice of appeal transferred jurisdiction of this case from the district court to the court of appeals, the district judge retains jurisdiction over a defendant for the limited purpose of reviewing, altering or amending the conditions under which that court released the defendant. The district court is empowered to revoke or forfeit the defendant's bond during pendency of an appeal for any of the reasons which would have supported an initial denial of the defendant's application for release. *United States v. Black,* 543 F.2d 35, 37 (7th Cir.1976); *United States v. Elkins,* 683 F.2d 143, 145 (6th Cir.1982).

The issues in the appeal presented to this court were frivolous and issues that may be raised in a petition for certiorari to the United States Supreme Court are also frivolous, and will be taken only for the purpose of delay.

Accordingly, the motion to stay mandate is denied, the order of the district court revoking bail is affirmed, and the motion for release pending issuance of mandate is denied.