767 F.2d 922
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
EDWARD DIXON, DEFENDANT-APPELLANT.
 NOS. 84-1705, 85-1022
 United States Court of Appeals, Sixth Circuit.
 6/12/85
 
 E.D.Mich.
 APPEAL DISMISSED
 ORDER
 BEFORE: KENNEDY, CONTIE, and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court on appellant's motion for release pending appeal. The United States has responded in opposition thereto.
 
 
 2
 Appellant was indicted on September 9, 1982, as being a felon in possession of a firearm in violation of 18 App. U.S.C. 1202(a)(1). Prior to trial, the district court conducted a suppression hearing to determine whether certain incriminating statements made by appellant to a local police officer and a special agent from the Bureau of Alcohol, Tobacco and Firearms (AFT) were inadmissible as violative of Miranda v. Arizona, 384 U.S. 436 (1966). The district court granted the motion to suppress and the United States appealed. This Court remanded the case to the district court to reexamine its decision to grant the motion to suppress in light of California v. Beheler, ---- U.S. ----, 103 S.Ct. 3517, 77 LEd2d 1275 (1983). On remand, the district court reversed its decision to suppress and admitted the statements.
 
 
 3
 The jury returned its verdict of guilty on September 19, 1984, and the appellant filed a notice of appeal therefrom on September 24, 1984. That appeal was docketed in this Court as Sixth Circuit Case No. 84-1705.
 
 
 4
 The district court entered the final judgment of sentence and conviction on November 28, 1984 and amended that judgment on December 11, 1984. Appellant's motion for release pending appeal was denied by the district court on December 17, 1984. Appellant with counsel, moved the district court, on December 27, 1984, to extend the time in which to perfect his appeal from the final judgment of November 28, 1984, and filed a new notice of appeal therewith. That motion was granted by the district court. His pro se motion to reconsider its denial of bail was denied. The second notice of appeal has been docketed in this Court as Sixth Circuit Case No. 85-1022.
 
 
 5
 The appeal docketed as Case No. 84-1705 must be dismissed because it was taken from a jury verdict, which is nonappealable. The final decision in a criminal case for the purposes of appeal is the imposition of sentence. Berman v. United States, 302 U.S. 211 (1937); Northern v. United States, 300 F.2d 131 (6th Cir. 1962). See also Rule 4(b), Federal Rules of Appellate Procedure. This dismissal will have no effect on the perfected appeal of Case No. 85-1022.
 
 
 6
 With respect to the motion for bail, Rule 9(c), Federal Rules of Appellate Procedure, provides that the decision regarding release pending appeal shall be made in accordance with the Bail Reform Act of 1984, 18 U.S.C. Sec. 3143. According to the Act, a convicted defendant must be detained unless the court finds, by clear and convincing evidence, that he is not likely to flee or pose a danger to the community. 18 U.S.C. Sec. 3143. The burden of proof is on the defendant. See Rule 9(c), Federal Rules of Appellate Procedure. The defendant must also prove, and the court must find, that the appeal is not for the purpose of delay and raises a question of law or fact likely to result in reversal. 18 U.S.C. Sec. 3143(b)(2). If the court finds against the defendant on any one of the criteria, the defendant will be detained. Id.
 
 
 7
 The district court specifically stated that it did not find by clear and convincing evidence that appellant is not likely to flee or does not pose a danger to the community. The court found that appellant's previous convictions of unarmed robbery (1968), malicious destruction of property (1979) and harboring an escapee (1980) and the current conviction for being a felon in possession of a firearm indicated a 'disregard for laws that order society.'
 
 
 8
 Generally, release pending appeal is discretionary. Bloss v. People of the State of Michigan, 421 F.2d 903, 905 (6th Cir. 1970). On appeal, the standard of review is whether the trial court abused its discretion. United States v. Elkins, 683 F.2d 143 (6th Cir. 1982). The district court's order denying release includes specific findings regarding the defendant pursuant to the criteria set forth in 18 U.S.C. Sec. 3143. The trial court's finding that appellant did not establish by clear and convincing evidence that he was not likely to flee or that he did not pose a danger to the community does not indicate that the trial court abused its discretion. United States v. Elkins, supra.
 
 
 9
 Upon consideration of appellant's motion for release pending appeal and the United States' response thereto, it is ORDERED that the appellant's motion be and hereby is denied. It is further ORDERED that the appeal of Case No. 84-1705 be dismissed as jurisdictionally defective.