**UNITED STATES of America,**

v.

**Kurt WASHINGTON, Defendant.**

**No. 96 Cr. 528 (JGK).**

United States District Court,
S.D. New York.

Nov. 12, 1996.

Robert J. Cramer, Assistant United States Attorney, New York City, for Government.

Jerry D. Bernstein, Gold & Wachtel, L.L.P., New York City, for Defendant.

## MEMORANDUM OPINION AND AND ORDER

KOELTL, District Judge:

Defendant Kurt Washington, a New York City Housing Police Officer, is charged with two counts of tax evasion in violation of 26 U.S.C. § 7201. The Indictment alleges that the defendant failed to pay taxes on his gross income of approximately $48,819 in 1994 and $53,492 in 1995.

The defendant now moves to compel production of the names and addresses of the Government's witnesses, to strike surplusage from the Indictment, and to dismiss the Indictment. On November 8, 1996, the Court heard oral argument. For the reasons stated below, the defendant's motions are denied.

### I.

The defendant first argues for production of the names and addresses of individuals the Government intends to call as witnesses at trial. A defendant is not automatically entitled as a matter of right or under the Federal Rules of Criminal Procedure to a list of the names and addresses of the Government's witnesses prior to trial. *See United States v. Bejasa,* 904 F.2d 137, 139 (2d Cir.), *cert. denied,* 498 U.S. 921, 111 S.Ct. 299, 112 L.Ed.2d 252 (1990); *United States v. Turkish,* 458 F.Supp. 874, 881 (S.D.N.Y.1978). However, it is well-established that district courts have the discretionary authority to order pretrial disclosure of

the identity of the Government's witnesses. *See United States v. Cannone*, 528 F.2d 296, 300 (2d Cir.1975); *see also Bejasa*, 904 F.2d at 139; *United States v. Shoher*, 555 F.Supp. 346, 353 (S.D.N.Y.1983). "The most potent argument for compulsory disclosure of the identity of the prosecution's witnesses is that, without the benefit of such disclosure, the defense may be substantially hampered in its preparation for trial." *Cannone*, 528 F.2d at 301. "[A]n abstract, conclusory claim" by a defendant that such disclosure is necessary is not sufficient. *Id.* at 302. Whether a defendant has made a specific showing of need is measured by the following factors:

> (1) Did the offense alleged in the indictment involve a crime of violence? (2) Have the defendants been arrested or convicted for crimes involving violence? (3) Will the evidence in the case largely consist of testimony relating to documents (which by their nature are not easily altered)? (4) Is there a realistic possibility that supplying the witnesses' names prior to trial will increase the likelihood that the prosecution's witnesses will not appear at trial, or will be unwilling to testify at trial? (5) Does the indictment allege offenses occurring over an extended period of time, making preparation of the defendants' defense complex and difficult? (6) Do the defendants have limited funds with which to investigate and prepare their defense?

*Turkish*, 458 F.Supp. at 881. A court should balance a defendant's specific showing of need for disclosure against a specific showing of need for concealment by the Government. *See Cannone*, 528 F.2d at 301–02. For example, disclosure of the identity of the Government's witnesses prior to trial is not appropriate where there is a risk of intimidation of witnesses, subornation of perjury, or actual injury to witnesses. *See id.* at 301. In sum, there must be "a specific showing that disclosure was both material to the preparation of [the] defense and reasonable in light of the circumstances surrounding [the] case." *Bejasa*, 904 F.2d at 139–40 (quoting *United States v. Cannone*, 528 F.2d 296, 300 (2d Cir.1975)) (alteration in original).

■ The defendant contends that he has made a specific showing of need for disclosure of the names and addresses of the Government's witnesses prior to trial. He argues that he is charged with the non-violent crime of tax evasion, which is unrelated to his duties as a law enforcement officer; that he has never been arrested or convicted of any crime; that the case mainly involves documentary evidence that is within the Government's control; that he is accused of committing offenses over a period of more than two years; that he has extremely limited funds to devote to his defense; and that there is no basis for the suggestion that he is likely to attempt to intimidate or harass any potential witness or that any witness will become unable or unwilling to appear at trial.

However, the Government correctly argues that the difficulties in preparing the defense in *Turkish* that persuaded the court to order disclosure of the Government's witnesses prior or to trial are not present in this case. In *Turkish*, five defendants were charged with a complex conspiracy to create fraudulent losses for an oil company through rigged commodity futures transactions and to manipulate contract prices on the crude oil market. *See Turkish*, 458 F.Supp. at 876. There were approximately 25,000 relevant documents, and numerous potential witnesses who traded in the crude oil market. *See id.* at 881. In contrast, this case involves two counts of tax evasion that are based on a single defendant's failure to file tax returns and to pay taxes on his wages. The trial is expected to last no more than a few days, and there are approximately 200 relevant documents and a small number of potential witnesses. The defendant thus will not be substantially hampered in preparing for trial by the continued failure to disclose the names and addresses of the Government's witnesses. This is also a case where any necessary continuances will not work any undue hardship in view of the brief length of the trial.

Furthermore, the Government persuasively argues that there is a strong likelihood that, based on the defendant's past conduct, intimidation or harassment of potential witnesses may occur if their names or addresses

are disclosed prior to trial. The defendant has sent threatening letters to employees of the Internal Revenue Service in the past, accusing them of fraud, attempted extortion, and terrorist attacks against him, claiming that civil and criminal actions had been instigated against them, and stating that they may be held personally accountable for their actions. (Gov't Exs. A & B.) The Government also explains that there is evidence that the defendant has worked with others in connection with his harassing correspondence. There is therefore further risk of harassment or intimidation of witnesses from various sources if the witnesses' names and addresses are disclosed.

The Government has, however, undertaken to provide to the defendant the name of the revenue agent from the Internal Revenue Service who will prepare a summary report and will testify as a witness at trial. The Government has not yet designated such agent, but will provide the agent's name and report to the defendant by November 15, 1996.

Accordingly, because the Government's need for concealment of the names and addresses of its witnesses (with the exception of the revenue agent witness discussed above) outweighs any need of the defendant for that information prior to trial, the defendant's motion for disclosure is denied.

## II.

■ The defendant also moves pursuant to Fed.R.Crim.P. 7(d) to strike the words "by various means, including, among other things" from the Indictment as prejudicial surplusage. "A motion to strike surplusage will be granted only where it is clear that the allegations are not relevant to the crime charged, and are inflammatory and prejudicial." United States v. DePalma, 461 F.Supp. 778, 797 (S.D.N.Y.1978); see also United States v. Ianniello, 621 F.Supp. 1455, 1479 (S.D.N.Y.1985); United States v. DeFabritus, 605 F.Supp. 1538, 1546 (S.D.N.Y. 1985); United States v. Klein, 124 F.Supp. 476, 479–80 (S.D.N.Y.1954), aff'd, 247 F.2d 908 (2d Cir.1957), cert. denied, 355 U.S. 924, 78 S.Ct. 365, 2 L.Ed.2d 354 (1958). When a charging paragraph of an indictment, which presents the matter upon which the grand jury based its accusations against a defendant, contains surplusage that "adds nothing to the charges, gives the defendant no further information with respect to them, and creates the danger that the prosecutor at trial may impermissibly enlarge the charges contained in the Indictment returned by the grand jury," the language must be stricken. DePalma, 461 F.Supp. at 798–99; cf. DeFabritus, 605 F.Supp. at 1547 (striking the words "among other things" from the indictment "where they serve no useful purpose and allow the jury to draw the inference that the defendant is accused of crimes not charged in the indictment"). But when a means paragraph, which refers to the matter of proof to sustain the charges, contains surplusage, a court should not strike the language. See DePalma, 461 F.Supp. at 799 ("Accordingly, the phrase 'and other activities' or 'among the means' when contained [in the means paragraph] can be equated to allegations of overt acts in a conspiracy charge where the Government is not required to set forth all the acts relied upon to effectuate the conspiracy.").

In this case, the words "by various means, including, among other things" are clearly in the means portion of the Indictment. Moreover, they do not infer that the defendant is accused of crimes not charged in the Indictment.

■ In the alternative, the defendant moves to compel the Government "to set out in detail what, if anything, the additional 'means' are." However, this request is "denied because the manner or means by which a crime is carried out constitutes evidentiary matter, not ultimate facts, which the government is not required to produce...." United States v. Boneparth, 52 F.R.D. 544, 545 (S.D.N.Y.1971); see also United States v. Cephas, 937 F.2d 816, 823 (2d Cir.1991) ("[T]he government need not particularize all of its evidence."); United States v. Gottlieb, 493 F.2d 987, 994 (2d Cir.1974) ("The government was not required to disclose its evidence in advance of trial."). The defendant has ample notice from the detailed indictment of the charges against him to allow him to prepare for trial, avoid surprise, and pre-

clude double jeopardy. To the extent that this alternative request is a request for a bill particulars, it is denied because there is no showing sufficient to require such particulars. *See United States v. Torres,* 901 F.2d 205, 234 (2d Cir.), *cert. denied,* 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990); *United States v. Gonzalez,* No. 93 CR 960, 1994 WL 689065, *2 (S.D.N.Y. Dec. 8, 1994).

Accordingly, the defendant's motion to strike the words "by various means, including, among other things" is denied. The defendant's alternative request to compel the Government to set out the additional means is also denied.

### III.

■ The defendant moves to dismiss the Indictment on five grounds. First, the defendant argues that the Indictment must be dismissed because 26 U.S.C. § 7201 is unenforceable as a matter of law in the absence of implementing regulations. However, the statute at issue in this case, the Internal Revenue Code, fully defines the criminal conduct it prohibits and therefore does not contemplate that regulations will be promulgated to define further substantive obligations beyond those created by the Code. *See United States v. Hicks,* 947 F.2d 1356, 1360 (9th Cir.1991) ("It is the tax code itself, without reference to regulations, that imposes the duty to file a tax return."); *United States v. Bowers,* 920 F.2d 220, 222 (4th Cir.1990) ("However, the [defendants] simply have evaded income taxes, and their duty to pay those taxes is manifest on the face of the statutes, without any resort to IRS rules, forms, or regulations."). The cases cited by the defendant that discuss the necessity of implementing regulations all involve statutes that do not fully define prohibited criminal acts. *See, e.g., United States v. Mersky,* 361 U.S. 431, 80 S.Ct. 459, 4 L.Ed.2d 423 (1960) (Tariff Act of 1930); *California Bankers Assoc. v. Shultz,* 416 U.S. 21, 94 S.Ct. 1494, 39 L.Ed.2d 812 (1974) (Bank Secrecy Act of 1970). Accordingly, the enforcement of 26 U.S.C. § 7201 does not require implementing regulations.

■ Second, the defendant contends that the Indictment must be dismissed because the income tax is voluntary and cannot be enforced through criminal penalties. However, Congress specifically imposed on individuals a duty to file income tax returns and to pay taxes. *See* 26 U.S.C. § 6012; *see also Hicks,* 947 F.2d at 1360; *Bowers,* 920 F.2d at 222; *United States v. Drefke,* 707 F.2d 978, 981 (8th Cir.), *cert. denied sub nom. Jameson v. United States,* 464 U.S. 942, 104 S.Ct. 359, 78 L.Ed.2d 321 (1983). "[A]lthough Treasury regulations establish voluntary compliance as the general method of income tax collection, Congress gave the Secretary of the Treasury the power to enforce the income tax laws through involuntary collection. . . . The IRS' efforts to obtain compliance with the tax laws are entirely proper." *United States v. Tedder,* 787 F.2d 540, 542 (10th Cir.1986); *see also United States v. Hurd,* 549 F.2d 118, 120 (9th Cir.1977) ("The court was also correct in rejecting the defendant's proffered evidence to the effect that the system of taxation was based on voluntary compliance.").

■ Third, the defendant asserts that the Indictment must be dismissed because the court lacks jurisdiction over this case. However, pursuant to 18 U.S.C. § 3231, district courts have original jurisdiction over "all offenses against the laws of the United States," which includes violations of the Internal Revenue Code. *See United States v. Collins,* 920 F.2d 619, 629 (10th Cir.1990); *United States v. Studley,* 783 F.2d 934, 937 (9th Cir.1986); *United States v. Koliboski,* 732 F.2d 1328, 1329–30 (7th Cir.1984); *United States v. Przybyla,* 737 F.2d 828, 829 (9th Cir.1984), *cert. denied,* 471 U.S. 1099, 105 S.Ct. 2320, 85 L.Ed.2d 839 (1985); *United States v. Isenhower,* 754 F.2d 489, 490 (3rd Cir.1985); *Drefke,* 707 F.2d at 981.

■ Fourth, the defendant argues that the Indictment must be dismissed because the IRS has failed to provide the defendant with notice or an assessment of the taxes due. However, the Internal Revenue Code imposes on the IRS no such requirement and instead requires individuals to pay taxes owed to the United States "without assessment or notice and demand from the Secretary." 26 U.S.C. § 6151; *see also United*

92

*States v. Hogan,* 861 F.2d 312, 315–16 (1st Cir.1988) ("In this case, where the government found a 'tax due and owing,' no formal assessment was necessary."); *United States v. Latham,* 754 F.2d 747, 750 (7th Cir.1985) (finding that the lower court did not err "in refusing to instruct the jury that an assessment under 26 U.S.C. § 6201 is a legal necessity before an individual can have an income tax liability"); *United States v. Voorhies,* 658 F.2d 710, 714 (9th Cir.1981) ("The filing of an administrative assessment record is not required before a criminal prosecution may be instituted under 26 U.S.C. §§ 7201–07 (1976) for failure to report or pay income tax.").

Finally, the defendant contends that the Indictment must be dismissed because "KURT WASHINGTON," spelled out in capital letters, is a fictitious name used by the Government to tax him improperly as a business, and that the correct spelling and presentation of his name is "Kurt Washington." This contention is baseless.

Accordingly, because the defendant's arguments in support of his motion to dismiss the Indictment are without merit, the motion is denied.

## CONCLUSION

For the reasons stated above, the defendant's motion to compel production of the names and addresses of Government witnesses, motion to strike surplusage from the Indictment, and motion to dismiss the Indictment are denied.

**SO ORDERED.**