**UNITED STATES of America,**
**Plaintiff-Appellee,**
v.
**Gary Lee UPSHAW,**
**Defendant-Appellant.**
**No. 81–1667.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 13, 1982.

Decided Dec. 29, 1982.

Rehearing and Rehearing En Banc
Denied Oct. 26, 1982.

William M. Goodman, San Francisco, Cal., for defendant-appellant.

Robert P. Feldman, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before CHOY, SNEED and FARRIS, Circuit Judges.

PER CURIAM:

A jury convicted Upshaw of aiding and abetting an employee of a federally-insured savings and loan institution to fraudulently misapply funds. *See* 18 U.S.C. §§ 657 and 2. Most of the Government's evidence pointed to Barbara Branche, who was tried jointly with Upshaw, as the employee involved. The district judge acquitted Branche under Fed.R.Crim.P. 29 (allowing acquittal when the judge finds insufficient evidence to convict). Upshaw argues on appeal that Branche's acquittal proves that there was insufficient evidence to convict him. He reasons: an essential element of the crime is that some employee misapplied funds; every element of the crime must be proved beyond a reasonable doubt; the suspected employee was acquitted for lack of evidence; therefore, the Government must have failed to show beyond a reasonable doubt that some employee misapplied funds.

The Supreme Court has recently cautioned against inferring too much from apparently inconsistent verdicts. *Harris v. Rivera,* —— U.S. ——, 102 S.Ct. 460, 465–66, 70 L.Ed.2d 530 (1981) (per curiam). This admonition applies particularly to a jury verdict as at issue here. *See id.* 102 S.Ct. at 464 (noting that jury verdicts are normally nonreviewable). Courts exercise great caution in large part because there is often a nonobvious reason besides an improper conviction for the inconsistency. *See id.* 102 S.Ct. at 465 (suggesting that the co-defendant might have been acquitted due to some inarticulable lingering doubt, a misunderstanding of legal standards, or simple lenity); *Standefer v. United States,* 447 U.S. 10, 22–23, 100 S.Ct. 1999, 2007, 64 L.Ed.2d 689 (1980) (considering the possibilities that jury acquitted out of compassion or that the Government presented different evidence against the alleged cohorts).

Moreover, in *Standefer,* the Supreme Court emphasized especially the unimportance of inconsistent verdicts under the aiding-and-abetting statute that Upshaw violated. Because the legislative history of 18 U.S.C. § 2 shows that Congress reacted against the common-law rule tying the fate of an accessory to that of the principal, the Court concluded:

> With the enactment of [section 2], all participants in conduct violating a criminal statute are "principals." As such, they are punishable for their conduct; the fate of other participants is irrelevant.

447 U.S. at 20, 100 S.Ct. at 2006. *Accord Feldstein v. United States,* 429 F.2d 1092, 1095 (9th Cir.), *cert. denied,* 400 U.S. 920, 91 S.Ct. 174, 27 L.Ed.2d 159 (1970).

Whether under the general principles of *Harris* or the analysis of 18 U.S.C.

§ 2 in *Standefer*, the apparent inconsistency in verdicts does not by itself upset the jury conviction of Upshaw.

Upshaw does not argue, however, that acquittal of his co-defendant *automatically* requires dismissal of the case against him as well. Rather, he contends that the trial judge's ruling that there was insufficient evidence by which a rational trier of fact could conclude beyond a reasonable doubt that Branche had misapplied the funds necessarily negates an essential element of the aiding and abetting offense with which he is charged—that an employee misapplied bank funds—because the Government failed to present evidence which specifically linked any other bank employee to the misapplication. The trial judge obviously disagreed, as he allowed Upshaw's case to go to the jury after granting Branche's Rule 29 motion.

Upshaw's argument misconceives the Government's burden. The prosecution must prove each element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979); *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970). To convict Upshaw, the Government only needed to prove that an employee of the bank misapplied the funds, not that Branche or any other specific employee committed the act. The principal need not even be identified, let alone indicted or convicted. *Feldstein*, 429 F.2d at 1095; *United States v. Campa*, 679 F.2d 1006, 1013 (1st Cir.1982); *United States v. Harper*, 579 F.2d 1235, 1239 (10th Cir.), *cert. denied*, 439 U.S. 968, 99 S.Ct. 459, 58 L.Ed.2d 427 (1978).

Our task on appeal is to determine whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could have found Upshaw guilty beyond a reasonable doubt of the essential elements of the offense of aiding and abetting the misapplication of funds. *See United States v. Fleishman*, 684 F.2d 1329, 1340 (9th Cir.1982). There was sufficient evidence by which the jury could have found that some bank employee misapplied the funds and that Upshaw aided and abetted that misapplication. "[V]erdicts cannot be upset by speculation." *Dunn v. United States*, 284 U.S.390, 394, 52 S.Ct. 189, 191, 76 L.Ed. 356 (1932). We uphold Upshaw's conviction because there is both (1) a reasonable possibility of a legitimate explanation for the apparent inconsistency in verdicts, and (2) otherwise sufficient evidence to support his conviction.*

AFFIRMED.

---

* In *United States v. Duz-Mor Diagnostic Laboratory, Inc.*, 650 F.2d 223 (9th Cir.1981), we vacated the conviction and remanded to allow the district court to explain why it found one defendant guilty but a similarly-situated one innocent. We relied heavily on the opinion of the Second Circuit in *Harris v. Rivera*, 643 F.2d 86 (2d Cir.1981), which also involved non-jury verdicts. The Supreme Court subsequently reversed the Second Circuit, explaining: "We are not persuaded that an apparent inconsistency in a trial judge's verdict gives rise to an inference of irregularity in his finding of guilt that is sufficiently strong to overcome the well-established presumption that the judge adhered to the basic rules of procedure." 102 S.Ct. at 465. Even if *Duz-Mor* still has some viability, we find the case before us distinguishable on the grounds that a jury rather than a judge convicted Upshaw and that *Standefer* gives special guidance on handling inconsistent verdicts under 18 U.S.C. § 2.