UNITED STATES of America, Appellee,

v.

Warren H. EILERTSON, Appellant.

No. 82–5189.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 11, 1983.

Decided May 17, 1983.

Howard L. Nelson, Washington, D.C., for appellant.

Max H. Lauten, Asst. U.S. Atty., Washington, D.C. (J. Frederick Motz, U.S. Atty., Baltimore, Md., on brief), for appellee.

Before PHILLIPS, ERVIN and CHAPMAN, Circuit Judges.

PER CURIAM:

While this appeal presents three issues for review, the preeminent issue is whether, in a willful failure to file an income tax return case, it was error for the judge to instruct the jury that if it found the defendant had not acted with "careless disregard" then it could find him not guilty for lack of willfulness. Because we find that this instruction violated the precepts of *United States v. Bishop,* 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973), we reverse the defendant's conviction.

I

The defendant, Warren H. Eilertson, was convicted of three counts of willful failure to file an income tax return in violation of I.R.C. § 7203 and one count of filing a false or fraudulent withholding exemption certificate in violation of I.R.C. § 7205. The taxable years for which these convictions arose were 1977, 1978 and 1979, years during which Eilertson was employed by the Department of Navy as a research engineer.

From at least 1971 through 1976, the defendant filed proper tax returns. (He also filed correct returns for his spouse during the years 1977–79.) In August 1977, however, his 1974 return was audited by the Internal Revenue Service. Although the audit revealed no improprieties, the experience left the defendant embittered toward the tax system and led to the actions which culminated in this criminal trial.

In 1978, Eilertson obtained two extensions of time to file his 1977 return. When the return was filed, it contained no financial information from which his tax liability could be determined. The defendant refused to provide the information because he stated he feared "self-incrimination" and because he was "confused" about the meaning of the terms "dollar" and "Federal Reserve Note." Eilertson filed similar returns for the taxable years 1978 and 1979.

The defendant's payroll records from the Department of Navy show that he earned $27,915.20 in 1977, $29,482.40 in 1978 and $32,464.00 in 1979.

On August 2, 1978 and on April 11, 1979, the defendant filed withholding exemption certificates claiming to be totally exempt from income tax withholding because he had no tax liability in the previous year and anticipated none in the current year.

At trial the government introduced into evidence expenditures made by the defendant for the purchase of two automobiles, a boat and airplane glider and for mortgage payments on his house. Accompanying the evidence of these expenditures were the loan applications for the two automobiles and the boat. On these applications Eilertson listed his take home pay, the market value of his home and the amount of his mortgage payments.

The defendant has appealed from his convictions and raises three issues: (1) whether the District Courts of the United States have jurisdiction over crimes enumerated in the Internal Revenue Code (IRC); (2) whether it was error to allow the loan applications to be admitted into evidence; and (3) whether the jury instruction using the term "careless disregard" was erroneous.

## II

■ The first two issues raised by the appellant are of no great moment. First, he has asserted that because federal courts are of limited jurisdiction, the courts do not have jurisdiction over crimes enumerated in the IRC because Congress failed to provide a statute within the IRC conferring such jurisdiction. Congress did provide, however, that "[t]he district courts of the United States shall have original jurisdiction ... of all offenses against the laws of the United States;" therefore, the district courts have jurisdiction. 18 U.S.C. § 3231 (1976); *United States v. Spurgeon,* 671 F.2d 1198 (8th Cir.1982).

■ Second, Eilertson stated his monthly income on the loan applications. Thus, the evidence of the purchases, accompanied by the loan applications, was admissible to show he acted inconsistently with his claim on his tax form that he did not know the amount of his income. *Accord, United States v. Gamble,* 607 F.2d 820, 823 (9th Cir.1979).

## III

Of greater concern, however, is the issue concerning the instruction using reckless disregard on the issue of willfulness.

■ When charging the jury on the issue of willfulness, the court said:

> To state it another way if you find that the defendant believed in good faith that he was acting within the law when he claimed the Fifth Amendment on his tax returns, and that his conduct was not marked by careless disregard as to whether he had a right to so act, you might find the defendant not guilty for lack of willfulness.

This charge was submitted by the United States attorney who has admitted he was, at the time of trial, unfamiliar with the case of *United States v. Bishop,* 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973), and further, that his case was tried on a theory of careless and reckless disregard. The government urges, however, that because of the context of the charge and because the charge as a whole was a correct statement of the law, the admittedly erroneous instruction does not require reversal. We cannot agree.

In *United States v. Bishop,* the Supreme Court held that because the term "willfully", as used in the IRC, has the same meaning in both the felony and misdemeanor statutes, it would have been incorrect for the district court to instruct the jury that, under the misdemeanor statute, willfully

meant "with careless disregard." This holding was reaffirmed in *United States v. Pomponio,* 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976) wherein the court stated: "In *Bishop* we held that the term 'willfully' . . . requires more than a showing of careless disregard of the truth." *Id.* at 12, 97 S.Ct. at 23. *See, United States v. Bengimina,* 499 F.2d 117 (8th Cir.1974).

The United States attorney has admitted that he tried the case on the theory of careless and reckless disregard. Further, it is undisputed that he used this term nineteen times in his rebuttal argument to the jury. While the instruction itself may not have required reversal, there can be no mistake that the United States attorney's trial of the case on this theory and his many references to careless disregard in his reply argument brought the matter home forcefully to the jury so that it cannot be overlooked.

Because the instruction and jury argument clearly violate the precepts of *United States v. Bishop,* we reverse this case and remand to the district court for proceedings consistent with this opinion.

REVERSED AND REMANDED.