UNITED STATES of America,
Plaintiff-Appellee,

v.

Jerome PRZYBYLA,
Defendant-Appellant.

No. 83–3113.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 2, 1984.

Decided July 17, 1984.

Sue Ellen Tatter, Asst. U.S. Atty., Anchorage, Alaska, for plaintiff-appellee.

**829**

Jeffrey L. Shrom, Missoula, Mont., for defendant-appellant.

Before BROWNING, Chief Judge, CANBY, Circuit Judge, and WILLIAMS *, District Judge.

PER CURIAM:

Appellant was convicted of assaulting an IRS agent and impeding the administration of the tax laws. 18 U.S.C. § 111; 26 U.S.C. § 7212(a). We affirm.

Three Internal Revenue Service (IRS) agents attempted to seize appellant's real property to satisfy a tax deficiency. Appellant was informed that agents would arrive the day of the visit to carry out the seizure. When the agents presented themselves, appellant, without identifying himself, requested they leave the property. The agents began to post seizure notices despite appellant's request. Appellant repeated his request and drew a gun. The trial testimony does not clearly establish that appellant pointed the gun directly at any of the agents, but he did click off the safety and wave the gun in their general direction as he escorted them off his property.

Appellant was indicted for assaulting an IRS agent, impeding the administration of the tax laws, and attempting to rescue property after it was seized, in violation of 18 U.S.C. § 111 and 26 U.S.C. §§ 7212(a), 7212(b). The jury convicted appellant of the first two offenses, and acquitted him of attempting to rescue seized property.

(1) Jurisdiction of the District Court.

■ Appellant argues the district court has jurisdiction only of prosecutions under Title 18, and not of prosecutions under Title 26. The language of 18 U.S.C. § 3231 is not limited. It grants district courts jurisdiction "of all offenses against the laws of the United States." Appellant argues, however, that according to the Reviser's Notes, section 3231 was intended to effect no change in substance in prior sections that had explicitly granted jurisdiction only over Title 18 offenses. This language in the Reviser's Note, however, refers only to the House Bill. A Senate amendment to the 1948 revision broadened this section to include all crimes against the United States. See S.Rep. 1620, 80th Cong., 2d Sess., reprinted in 1948 U.S. Code Cong.Serv. (Title 18 USC Crimes and Criminal Procedure) 2427, 2430–31. Under the unambiguous language of section 3231, the district court clearly had jurisdiction over Title 26 offenses. See, e.g., United States v. Drefke, 707 F.2d 978, 981 (8th Cir.1983); United States v. Eilertson, 707 F.2d 108, 109 (4th Cir.1983).

(2) Use of Force.

■ Appellant argues that his conviction violates due process because he acted in reliance on an IRS pamphlet referring to a taxpayer's "right to refuse to permit Collection personnel to enter upon [the taxpayer's] private property when the purpose of the visit is to conduct a seizure of [the taxpayer's] assets." Nothing in the IRS pamphlet implies that a taxpayer could use a weapon to enforce his request. Even if appellant were justified in requesting the agents to leave his property, see G.M. Leasing Corp. v. United States, 429 U.S. 338, 354, 97 S.Ct. 619, 629, 50 L.Ed.2d 530 (1977), use of a weapon was unlawful. See United States v. Johnson, 542 F.2d 230, 233 (5th Cir.1976); United States v. Cunningham, 509 F.2d 961, 963 (D.C.Cir.1975). Appellant failed to identify himself and made no attempt to discuss his reason for requesting that the agents leave his property. He simply decided that a show of force was necessary to get the agents to leave. Appellant's conviction does not involve any fundamental unfairness or violation of due process.

* Honorable Spencer M. Williams, District Judge, United States District Court for the Northern District of California, sitting by designation.

(3) Sufficiency of the Evidence and Inconsistent Verdicts.

Appellant argues his conviction on Counts I and II "was against the weight of the evidence and contrary to the law."

■ If appellant is arguing that the evidence was insufficient to convict, the argument has no merit. Viewing the evidence in the light most favorable to the government, *see Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), a rational jury could conclude that all elements of both Counts I and II had been proven. Appellant admits to drawing a weapon to compel the agents to leave his property, knowing that they were federal agents. There was evidence from which a jury could conclude he did so wilfully.

■ If appellant is arguing that the verdicts are inconsistent, that argument is still meritless. The jury could have acquitted appellant of the charge under 26 U.S.C. § 7212(b) because it concluded that at the time appellant drew his gun he did not know the property had been seized as required by this section. In any event, inconsistent jury verdicts are generally not a ground for reversal, *see United States v. Upshaw,* 685 F.2d 1202, 1203 (9th Cir.1982), even when a "conviction is rationally incompatible with an acquittal." *United States v. Brandon,* 633 F.2d 773, 779 (9th Cir.1980).

(4) Testimony of the IRS Agents.

Appellant's final argument is that the verdicts must be set aside because they are based on perjured or deliberately misleading testimony. Appellant asserts the testimony of the agents at trial that appellant pointed the gun directly at one of them conflicts with earlier statements by the agents. This testimony, appellant argues, could have affected the jury's conclusion on the issue of appellant's wilfulness.

■ We find no merit in appellant's claim. The agents' pre-trial statements were not inconsistent with their trial testimony. Agent Atchison testified before the grand jury and at trial that she saw the gun pointed directly at Agent Erickson be-

fore she turned to the other agents to suggest they leave. Agent DeMay's pretrial statement to an IRS investigator that he "never saw the gun pointed directly at anyone" was not inconsistent with his trial testimony that the gun was pointed "in the direction of" Agent Erickson. Under cross-examination at trial Agent DeMay repeated the substance of his pretrial statement and explained any apparent inconsistency by testifying, "It was pointed toward the direction of Dave Erickson. I did not see it pointed directly at him but I did see it at that angle." Finally, Agent Erickson's pretrial statement that he did not see the gun pointed directly at him was not necessarily inconsistent with his trial testimony that the gun was pointed in his direction from time to time.

Even if the agents' pretrial and trial statements were not identical, there was no justification for setting aside the verdicts. Appellant received copies of the prior statements of the witnesses and used them during cross-examination. *See United States v. Cervantes,* 542 F.2d 773, 776–77 (9th Cir.1976). The jury was fully informed of the alleged discrepancies and concluded the evidence was sufficient to convict.

AFFIRMED.