UNITED STATES of America, Plaintiff,

v.

Luther R. BARTRUG, Defendant.

No. C.R. 91–00078–01–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Nov. 21, 1991.

John C. McDougal, Special Asst. U.S. Atty., Richmond, Va., for plaintiff.

Luther R. Bartrug, pro se.

John A. Gibney, Jr., Shuford, Rubin, Gibney & Dunn (court appointed), Richmond, Va., for defendant.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This matter is before the Court on the defendant's motions to arrest judgment, notice of counsel issue, legal reason why sentence cannot be pronounced: regulation lacking legal force and effect, and declaration of legal cause to show why judgment should not be pronounced against him on

verdict of conviction. For the reasons discussed below, the defendant's motions will be DENIED.

## FACTUAL BACKGROUND

On September 17, 1991, the defendant was convicted by a jury on three counts of tax evasion, in violation of Title 26, United States Code, Section 7201. The defendant is an adherent to the general philosophies of those groups that style themselves as "tax protestors." And like members of those groups, he has throughout his criminal prosecution raised various hackneyed and frivolous arguments about the existence and validity of an "income tax" and the Court's jurisdiction to hear his case. The present motions, by and large, represent more of the same. The present motions were filed either in anticipation of or on the date of his sentencing. The Court took these motions under advisement and sentenced Mr. Bartrug on November 18, 1991.

## DISCUSSION

### I.  Motion to Arrest Judgment

The defendant forwards three grounds in support of this motion. The first two renew issues the Court has ruled on previously; the third raises a new issue.

### A.  *Indictment Fails to Charge an Offense*

■ The defendant reasserts his primary and long standing claim that he can not defend himself because of the insufficiency of the indictment. He argues that the indictment is insufficient because it cites only a penalty provision, 26 U.S.C. § 7201, and not the section of the Code that the Defendant violated. As such, he argues, the indictment fails to inform him of the nature and cause of the accusation against him. The government argues that Section 7201 is not merely a penalty provision but itself defines a violation, *to wit,* a willful attempt to evade or defeat a tax imposed by the

title.[1] Additionally, each count of the indictment explicitly states that the tax that the defendant evaded was "income tax."

■ The standard for the sufficiency of an indictment is two pronged: The indictment "must contain the elements of the offense *and* apprise the defendant of the nature of the charge." *United States v. Hooker,* 841 F.2d 1225 (4th Cir.1988). The Defendant expressly claims that the indictment is insufficient to inform him of the nature and cause of the charges against him and thus prevents him from preparing his defense. In a strikingly similar case, the Seventh Circuit held that "[t]he indictment was sufficient to inform Mr. Sloan of the charges against him. The indictment cited the statute he was accused of violating (26 U.S.C. § 7201) and identified the specific tax (the income tax) he was obligated to pay." *United States v. Sloan,* 939 F.2d 499, 501–02 (7th Cir.1991). In the present case, the indictment's references to 26 U.S.C. § 7201 provide sufficient notice of the crime and of the nature of the charge against the defendant. Moreover, the indictment clearly states that the offense charged is the evasion of income tax. The indictment also sets out the affirmative actions the Defendant was alleged to have taken to evade his income tax. Similarly, the indictment sets out the elements necessary to constitute the offense. "[T]he elements of § 7201 are willfulness; the existence of a tax deficiency; and an affirmative act constituting an evasion or attempted evasion of the tax." *Sansone v. United States,* 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882, 888 (1965). Each of these elements is explicitly set out in each count of the indictment.

### B.  *The Court Lacks Subject Matter Jurisdiction*

■ This is a rehashing of the defendant's long-standing claim that there is no such thing as an income tax—that the "income tax" is merely an indirect, excise tax on certain taxable activities. As with the

---

1. Section 7201 provides:
    Any person who willfully attempts in any manner to evade or defeat any tax imposed by

this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony.... 26 U.S.C. § 7201.

first ground, the Court has previously, and repeatedly, rejected this argument. The law is clear that the income tax as applied by the IRS is legal and constitutional. *See, e.g., United States v. Sloan,* 939 F.2d 499, 499–501 (7th Cir.1991) ("One such fundamental and immutable principle, he maintains, is that the revenue laws of the United States do not impose a tax on income. But we have squarely rejected this tax protestor argument before, holding that the Internal Revenue Code imposes a tax on all income. . . ."); *United States v. Connor,* 898 F.2d 942, 943–44 (3d Cir.1990), and the cites therein. In fact, the arguments made by the defendant are so lacking in merit that courts have repeatedly upheld the imposition of sanctions based on the frivolous nature of litigating these arguments. *See, e.g., Coleman v. Commissioner,* 791 F.2d 68, 70 (7th Cir.1986) ("The contentions raised in this case are objectively frivolous. They have been raised and rejected so often that this circuit now handles almost all similar cases by unpublished orders. The Tax Court and the IRS were entitled to impose sanctions. We, too, regularly impose sanctions in these cases."); *Kelly v. United States,* 789 F.2d 94, 97 (1st Cir.1986).

### C. Statute of Limitations

■ The defendant also argues that the crimes for which he was convicted are barred by the statute of limitations. The statute of limitations for tax evasion is six years. 26 U.S.C. § 6531(2). The relevant date for calculating the running of the statute of limitations is not the date the tax was originally due, as argued by the defendant, but the date of the last affirmative act of evasion. *United States v. De Tar,* 832 F.2d 1110, 1113 (9th Cir.1987) ("Even if the taxes evaded were due and payable more than six years before the return of the indictment, the indictment is timely so long as it is returned within six years of an affirmative act of evasion."); *United States v. Ferris,* 807 F.2d 269, 271 (1st Cir.1986), *cert. denied,* 480 U.S. 950, 107

S.Ct. 1613, 94 L.Ed.2d 798 (1987); *United States v. Trownsell,* 367 F.2d 815, 816 (7th Cir.1966).

The indictment in this case was handed down on June 17, 1991. The acts of evasion started sometime after September 4, 1985. On September 18, 1985, a revenue officer met with the defendant to discuss his jeopardy assessments. The defendant's attempts to hide his assets and evade his taxes continued and accelerated after this encounter. Since all of these dates are well within the six year period set by statute, the prosecutions were clearly not barred.

### II. Notice of Counsel Issue

This appears to be merely a recitation of the defendant's claim that he was denied counsel of his choice and that he had incompetent and unwanted counsel forced upon him. The purpose of this pleading appears to be the preservation of these issues on appeal. As such, the pleading does not seem to require any action by the Court. To the extent, however, that it constitutes a motion requiring a ruling by this Court, it is denied.

■ The first element of the defendant's claim is that incompetent and undesired counsel was forced upon him. The defendant was allowed, at his request, to serve as his own counsel. He did not have counsel forced upon him. Mr. Gibney was merely appointed as standby counsel to aid the defendant when and if the defendant desired to seek his assistance. Mr. Bartrug, at all times had the option of seeking retained counsel or of asking the Court to appoint him counsel.[2]

■ To the extent that this motion is based on the Court's refusal to appoint a tax expert, there is no error. *Cf. Wheat v. United States,* 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988) ("[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, the essential aim

2. The defendant was clearly aware that he could seek outside counsel. This was evidenced by his repeated assertion that he desired to seek retained counsel but could not do so until he was informed of the nature of the charges against him.

of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."); *United States v. Weninger*, 624 F.2d 163, 166 (10th Cir.) (no sixth amendment right to counsel who agrees with defendants' views on the invalidity of the tax laws), *cert. denied*, 449 U.S. 1012, 101 S.Ct. 568, 66 L.Ed.2d 470 (1980).

Finally, to the extent that the defendant's motion is based on an inability to retain counsel until he is informed of the nature and cause of the charges against him, the motion is without merit for the reasons discussed in Section IA, *supra.*

### III. Legal Reason Why Sentence Cannot Be Pronounced: Regulation Lacking Legal Force and Effect

The defendant argues that he cannot be prosecuted because the federal income tax regulations governing the filing of income tax returns are invalid. He argues that the regulations are invalid because they do not bear the required OMB control numbers, as required by 44 U.S.C. § 3501 *et seq.* Similarly, he argues that tax return forms after 1985 are invalid because they failed to have expiration dates, as required by 44 U.S.C. § 3501 *et seq.* While somewhat newer in origin, these arguments have also become part of the hackneyed tax protester's refrain. It, like the other scripted arguments, is frivolous and meritless. To begin with, the defendant misconstrues the charges against him. He is charged with violating 26 U.S.C. § 7201—tax evasion. He is not charged with failing to file a return under 26 U.S.C. §§ 6012 or 7203. The first two counts against him do not directly impact his failure to file a return. The third count merely touches on the failure to file a return as *one* of the attempted means of evasion. But even in regards to suits based on the requirement to file a return,

the defendant's arguments have been repeatedly rejected. To begin with, "the regulations do not need a number because the requirement to file a tax return is mandated by statute, not by regulation.... *See* 26 U.S.C. §§ 6012 and 7203. The Paperwork Reduction Act, therefore, does not apply to the statutory requirement, but only to the forms themselves, which contained the appropriate numbers." *United States v. Wunder*, 919 F.2d 34, 38 (6th Cir.1990). As to the forms themselves, the defendant argues that after 1985 they lacked the required expiration dates. The defendant's basis for requiring an expiration date is questionable. But even assuming, *arguendo*, that such a requirement existed, the 1040 forms would meet that requirement. *See United States v. Collins*, 920 F.2d 619 (10th Cir.1990) (stating that since the 1040 forms bear the relevant year on them, they would plainly meet any alleged requirement of an expiration date), *cert. denied*, — U.S. ——, 111 S.Ct. 2022, 114 L.Ed.2d 108 (1991).

### IV. Defendant's Declaration of Legal Cause to Show Why Judgment Should Not Be Pronounced Against Him on Verdict of Conviction

The defendant's final motion is a claim that the Court has no grant of jurisdiction to hear criminal matters involving internal revenue. This claim is also patently frivolous. "The district courts of the United States shall have original jurisdiction, ..., of all offenses against the laws of the United States." 18 U.S.C. § 3231; *United States v. Eilertson*, 707 F.2d 108 (4th Cir.1983) (per curium).