991 F.2d 791
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Richard R. CARPENTER, Defendant-Appellant.
 No. 92-5345.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 11, 1993
Decided: April 9, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. John A. MacKenzie, Senior District Judge. (CR-91-151-N)
 Richard R. Carpenter, Appellant Pro Se. Alan Hechtkopf, Robert Esten Lindsay, Janet Kay Jones, United States Department of Justice, Washington, D.C., for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, LUTTIG, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Richard R. Carpenter appeals his convictions for tax evasion in violation of 26 U.S.C. § 7201 (1988), failing to file a tax return in violation of 26 U.S.C. § 7203 (Supp. II 1990), and subscribing to a false statement in violation of 26 U.S.C. § 7206(1) (1988).[1]
 
 
 2
 Carpenter contested the jurisdiction of the district court, and refused appointed counsel to avoid being subject to the jurisdiction of the court. Carpenter stated that he wished to proceed pro se; however, he conceded that "I'm reluctant to accept any counsel, but at the same time, I need direction." Carpenter requested that his "next friend counsel" be allowed to assist him.The court appointed an attorney, denying Carpenter's request for next friend counsel. At Carpenter's insistence, the district court released the previously appointed counsel, and over Carpenter's objections, appointed standby counsel.
 
 
 3
 After a four day jury trial Carpenter was found guilty on all counts. Carpenter appealed, arguing that he was denied due process by improperly being subjected to the jurisdiction of the court, and in being denied "counsel" of his choice.
 
 
 4
 Carpenter contests personal jurisdiction based on his being a "citizen of Virginia," rather than a citizen of the United States. Because he was born in the Commonwealth of Virginia, and presented no evidence of renunciation of citizenship, Carpenter is a citizen of the United States. Also, contrary to Carpenter's assertions, individuals are "persons" under the Internal Revenue Code. United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986). Thus, personal jurisdiction is satisfied.
 
 
 5
 Carpenter also argues that the federal district court does not have jurisdiction in criminal cases concerning violations of the federal income tax laws as set forth in Title 26. Section 3231 provides: "[t]he district courts ... shall have original jurisdiction, ... of all offenses against the laws of the United States." 18 U.S.C.s 3231 (1988). Crimes enumerated in the Internal Revenue Code are included in the "offenses against the laws of the United States." United States v. Eilertson, 707 F.2d 108, 109 (4th Cir. 1983). Therefore, subject matter jurisdiction is satisfied.
 
 
 6
 Because jurisdiction was satisfied, Carpenter's argument that appointing counsel deprived him of due process by subjecting him to the jurisdiction of the district court is without merit.
 
 
 7
 Carpenter claims that he should have been entitled to assistance by his "next friend counsel." The right to counsel is the right of a defendant to representation by an attorney qualified to practice in the court. Next friend representation is afforded to persons lacking competency to represent themselves. Because Carpenter is not a child and was not incompetent, the district court properly denied next friend counsel.
 
 
 8
 We affirm the judgment of the district court.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Carpenter waived his right to counsel on appeal
 
 
 [2]
 Carpenter's motion for summary judgment is denied