50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Allen BELLON, Defendant-Appellant.
 No. 94-10271.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 13, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Allen Bellon appeals pro se his conviction for assaulting two federal officers, forcibly interfering with a federal officer's administration of tax laws, and forcibly rescuing seized property. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 The pretrial bail issue is moot. United States v. Halliburton, 870 F.2d 557, 562 (9th Cir.), cert. denied, 492 U.S. 910 (1989).
 
 
 4
 We reject as frivolous Bellon's argument that the district court lacked jurisdiction over these federal crimes. See United States v. Studley, 783 F.2d 934, 937 (9th Cir.1986); United States v. Pryzbyla, 737 F.2d 828, 829 (9th Cir.1984) (per curiam), cert. denied, 471 U.S. 1099 (1985).
 
 
 5
 A bill of particulars was not necessary in this case because the indictment apprised Bellon of the specific charges against him. Therefore, the district court did not abuse its discretion by denying Bellon's repeated motions on this issue. See United States v. Long, 706 F.2d 1044, 1054 (9th Cir.1983).
 
 
 6
 Bellon argues the district court abused its discretion by denying his motion for discovery of grand jury materials. We disagree because Bellon did not establish the requisite particularized need for the materials. See United States v. Ferreboeuf, 632 F.2d 832, 835 (9th Cir.1980), cert. denied, 450 U.S. 934 (1981).
 
 
 7
 Bellon argues that the district court erred by denying his motion to dismiss the indictment because his trial began more than 70 days after his first appearance. The indictment was filed on July 9, 1993, Bellon first appeared on July 13, 1993, and he was arraigned on July 20, 1993. Between August 13, 1993 and February 15, 1994, Bellon filed numerous pretrial motions. The district court disposed of these motions on various dates, including the first day of trial. Any delay resulting from pretrial motions is automatically excluded. 18 U.S.C. Sec. 3161(h)(1)(F); United States v. Baker, 10 F.3d 1374, 1400 (9th Cir.1993), cert. denied, 115 S.Ct. 330 (1994). Once the time attributable to the motions is excluded, it is clear that the February 22, 1994 trial did not violate the Speedy Trial Act.
 
 
 8
 Bellon raises several points concerning the statutory authority of IRS agents to execute the arrest warrant. Even assuming Bellon's arrest was illegal, an illegal arrest does not void his conviction. See Studley, 783 F.2d at 937.
 
 
 9
 Bellon also contends the district court lost his papers concerning a civil suit. Even assuming the truth of this allegation, it is irrelevant to Bellon's criminal conviction.
 
 
 10
 The district court did not abuse its discretion by allowing the case agent to remain in the courtroom during trial even though Bellon had subpoenaed him. See United States v. Thomas, 835 F.2d 219, 223 (9th Cir.1987), cert. denied, 486 U.S. 1010 (1988).
 
 
 11
 Bellon argues that the evidence was insufficient to convict him of the offenses because the federal officers were not acting within their official capacities. We reject this argument for the reasons detailed in district court's order adjudging Bellon's guilt. See Hughes v. United States, 953 F.2d 531, 536 (9th Cir.1992) (the Secretary of Treasury properly delegated authority to IRS agents); Maisano v. Welcher, 940 F.2d 499, 502 (9th Cir.1991) (taxpayer does not have the right to a court hearing prior to collection efforts by the IRS), cert. denied, 112 S.Ct. 1957 (1992); Pryzbyla, 737 F.2d at 829 (taxpayer cannot use force to challenge a tax seizure). Bellon also argues that certain evidence supported his view of the facts and showed that Bonnie Smith was biased against him. Because there was ample evidence to establish the elements of the offenses beyond a reasonable doubt and the trier of fact resolves issues of credibility, we reject these related arguments.
 
 
 12
 Bellon further complains that Smith did not comply with the subpoena duces tecum to bring documents showing her authority to serve the seizure documents. Any error in this regard would not require the reversal of Bellon's conviction because ample evidence showed that Smith was acting within the course of her official duties. See Hughes, 953 F.2d at 536.
 
 
 13
 That the trial judge stated that the defendant gets his rights from the federal government does not establish bias. See Studley, 783 F.2d at 939.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny Bellon's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3