108 F.3d 339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Michael Louis HUTTON, Defendant-Appellant
 No. 94-10515.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 11, 1996.
Decided Feb. 18, 1997.
 
 1
 Before: REINHARDT and RYMER, Circuit Judges, and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 DISCUSSION
 
 3
 Hutton was convicted upon retrial of assault on a federal officer in violation of 18 U.S.C. § 111, and use of a deadly weapon in the commission of a crime of violence, 18 U.S.C. § 924(c). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.
 
 Collateral Estoppel
 
 4
 Hutton argues that his acquittal on assault charges against tow truck driver Juan Gutierrez barred his retrial on the remaining assault counts and the § 924(c) count involving two I.R.S. agents. Hutton contends that his acquittal of charges against Gutierrez also resolved the issue of his intent as to the agents, and whether the agents were acting in the proper scope of their official duties.
 
 
 5
 The Fifth Amendment guarantee against double jeopardy encompasses the doctrine of collateral estoppel. United States v. Crooks, 804 F.2d 1441, 1446 (9th Cir.1986). We review the applicability of collateral estoppel de novo. United States v. Meza-Soria, 935 F.2d 166, 167 (9th Cir.1991).
 
 
 6
 Once an ultimate issue of fact has been validly and finally determined, that same issue cannot be relitigated between the same parties in a later lawsuit. Ashe v. Swenson, 397 U.S. 436, 443 (1970). Thus, this court must determine "whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration." Id. at 444.
 
 
 7
 Collateral estoppel analysis involves a three-step inquiry. First, the issues identified must be sufficiently similar and material to justify the use of collateral estoppel; second, the record of the first trial is reviewed to determine if the issue sought to be foreclosed was fully litigated; finally, the court must determine if the issue was necessarily decided in the first trial. Crooks, 804 F.2d at 1446, (citing United States v. Schwartz, 785 F.2d 673, 681 (9th Cir.), cert. denied, 479 U.S. 890 (1986)).
 
 
 8
 The first two requirements set forth in Schwartz have been met in this case. Hutton was charged with three counts of assault upon a federal officer and with use of a deadly weapon in the commission of a crime of violence in violation of 18 U.S.C. § 111.[1]
 
 
 9
 The essential elements of the crime charged were the same in both trials. The government had to prove that Hutton intentionally, and by means of a dangerous weapon, used force on the agents while those agents were engaged in their official duties. Since the jurors in the first trial were instructed that Gutierrez was a federal agent as a matter of law, the only difference between the two trials is that the second did not involve Gutierrez. Thus, the issues regarding Hutton's intent, and whether the officers were acting in their official capacities were fully litigated in both trials. However, the acquittal of Hutton as to the alleged assault on tow truck driver Gutierrez did not necessarily decide defendant's intent as to agents Nolden and Talley, as Hutton claims.
 
 
 10
 Acquittal on count three in the first trial means only that the jury found the government failed to prove an essential element of the alleged assault on Gutierrez. See United States v. Seley, 957 F.2d 717, 723 (9th Cir.1992) (acquittal means that certain acts were not proved beyond a reasonable doubt). The jury hung as to the counts relating to the agents, and it is well established that a retrial following a hung jury does not violate double jeopardy. Richardson v. United States, 468 U.S. 317, 324-325 (1984).
 
 
 11
 Hutton argues that because the jury was instructed that the driver was a federal agent as a matter of law, and the driver was in close proximity to the other agents when Hutton produced the rifle, acquittal can only mean that the jury believed that Hutton did not act intentionally, thus, the jury resolved an essential element of the assault charge as to all agents. Even assuming the jury found Hutton lacked the intent to assault Gutierrez, it does not follow that he did not intend to assault the agents. The evidence shows that the tow-truck driver was not at the door with the revenue officers when Hutton pointed the rifle at the agents. Rather, the driver was on the driveway approximately 10-15 feet from the revenue officers. Furthermore, the driver did not have the rifle pointed directly at his head, as the agents did.
 
 
 12
 Similarly, assuming the jury decided that the driver was not acting within the scope of his official duties as an agent of the government, this finding would not be determinative as to the agents. Accordingly, plaintiff's collateral estoppel claim must fail.
 
 Instructions
 
 13
 Defendant argues that the district court erred in failing to instruct the jury on self-defense and defense of property. We review de novo the district court's refusal to instruct the jury on defendant's theory of the case. United States v. Wagner, 834 F.2d 1474, 1486 (9th Cir.1987), cert. denied, 510 U.S. 1134 (1994).
 
 1. Self-defense
 
 14
 A Defendant is entitled to an instruction concerning his theory of the case if it is supported by law and has some foundation in the evidence. United States v. DeBright, 742 F.2d 1196, 1198 (9th Cir.1984), (quoting United States v. Winn, 577 F.2d 86, 90 (9th Cir.1978)).
 
 
 15
 A trial judge must instruct the jury on self defense "if there is evidence upon which the jury could rationally sustain the defense." United States v. Streit, 962 F.2d 894, 898 (9th Cir.), cert. denied, 506 U.S. 962 (1994) ( quoting United States v. Jackson, 726 F.2d 1466, 1468 (9th Cir.1984)). A "mere scintilla" of evidence will not suffice. Id.
 
 
 16
 There is no evidence that Hutton was acting in self defense. The undisputed evidence is that the revenue agents were not armed, nor had they threatened Hutton in any manner at the time Hutton drew his rifle. Hutton argues that the defense testimony of Dominick Rodriguez supports giving of the instruction. At most, Rodriguez' testimony that Hutton's physical position after he followed the agents down the driveway, could have been a defensive as well as offensive position amounts to a "mere scintilla". Streit, 962 F.2d at 898.
 
 
 17
 There is no evidence that Hutton feared for his personal safety at the time he drew the rifle, a predicate fact necessary to establish self-defense, therefore, the district court properly rejected Hutton's proposed self-defense instruction.
 
 2. Defense of Property
 
 18
 Hutton argues that he was entitled to a jury instruction on defense of property. Hutton's argument is based on the contention that the agents had no legal authority to enter his property. The district court ruled that the evidence showed the IRS had placed seizure tags on Hutton's vehicle prior to the incident, thus, the agents had a right to be on Hutton's property as a matter of law.[2] We agree.
 
 
 19
 The government argues that defendant had no right to use deadly force to defend his property, citing United States v. Przybyla, 737 F.2d 828 (9th Cir.), cert. denied, 471 U.S. 1099 (1985). In Przybyla, three I.R.S. agents attempted to seize Przybyla's real property to satisfy a tax deficiency. Przybyla drew a gun, clicked off the safety, and waved the gun in the general direction of the agents while escorting them off his property. He was convicted of assaulting an IRS agent and impeding the administration of the tax laws. This court held that even if the appellant were justified in requesting that the agents leave his property, his use of a weapon was unlawful. Przybyla, 737 F.2d at 829. Thus, the district court properly rejected Hutton's proposed instruction on defense of property.
 
 Fourth Amendment
 
 20
 Hutton argues that the I.R.S. agents entered his property unlawfully, and therefore evidence seized as a result should have been suppressed as illegally obtained in violation of the Fourth Amendment. The government argues that because Hutton's truck was parked in an unobstructed driveway clearly visible from the street, Hutton lacked a reasonable expectation of privacy which would invoke the Fourth Amendment.
 
 
 21
 We review the trial court's findings of fact for clear error, and the lawfulness of a search and seizure de novo. United States v. Kerr, 817 F.2d 1384, 1386 (9th Cir.1987).
 
 
 22
 The key issue in determining whether an IRS seizure of taxpayer property violates the Fourth Amendment is whether an invasion of privacy has occurred. G.M. Leasing Corp. v. United States, 429 U.S. 338, 351-352 (1977). In order to be protected by the Fourth Amendment, a defendant's expectation of privacy must be both actual and subjective and "one that society is prepared to accept as reasonable." Maisano v. Welcher, 940 F.2d 499, 503 (9th Cir.1991). With respect to the reasonableness of an expectation of privacy in a driveway, we have held that the defendant "must support that expectation by detailing the special features of the driveway itself (i.e. enclosures, barriers, lack of visibility from the street) or the nature of activities performed upon it." Id. at 503.
 
 
 23
 In the case before us, Hutton argues that the "no trespassing" signs posted in his yard constitute "special features" sufficient to establish the reasonableness of his expectation of privacy. We disagree. While the list of features given in Maisano is not exhaustive, the examples used there are those that would limit visibility from the street. Accordingly, we conclude that the district court correctly determined that no reasonable expectation of privacy existed in Hutton's driveway. Based on the foregoing, Hutton's conviction is AFFIRMED.
 
 
 
 *
 Honorable Jack E. Tanner, United States District Judge, Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 18 U.S.C. § 111 provides that an assault on a federal officer occurs when one "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of his official duties ..."
 
 
 [2]
 The levy power of the IRS is well established. See G.M. Leasing Corp. v. United States, 429 U.S. 338, 350 (1977)