**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4494**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAYMONT UNDERWOOD,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:16-cr-00018-MHL-1)

Submitted:  February 28, 2018                    Decided:  March 12, 2018

Before DUNCAN and FLOYD, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Patricia Palmer Nagel, THE LAW OFFICES OF PATRICIA PALMER NAGEL, PLC, Williamsburg, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Erik S. Siebert, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daymont Underwood was convicted after a jury trial of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012) (count 1), possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (2012) (count 2), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012) (count 3). The district court determined that Underwood was a career offender and calculated his advisory sentencing range under the U.S. Sentencing Guidelines Manual (2016) at 360 months to life imprisonment. The district court sentenced Underwood to 360 months' imprisonment. Underwood appeals and challenges his convictions and sentence. We affirm.

I.

Underwood argues that the district court erred in rejecting his claims that it lacked jurisdiction over his prosecution in light of his status as a sovereign citizen. We review challenges to the district court's jurisdiction de novo. *United States v. Winfield*, 665 F.3d 107, 109 (4th Cir. 2012). Underwood's jurisdictional challenge is without merit.

The citizenship of a criminal defendant is not the key ingredient for a district court's jurisdiction over a federal criminal prosecution. Rather, "'[t]he district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States[.]'" *United States v. Eilertson*, 707 F.2d 108, 109 (4th Cir. 1983) (per curiam) (quoting 18 U.S.C. § 3231 (2012)). "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts.

2

That's the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999), *quoted in United States v. Hartwell*, 448 F.3d 707, 716 (4th Cir. 2006). Additionally, personal jurisdiction in a federal criminal prosecution "is supplied by the fact that [the defendant] is within the territory of the United States." *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005); *see United States v. Wilson*, 721 F.2d 967, 972 (4th Cir. 1983). Further, courts have concluded that claims similar to Underwood's—asserting that an individual proclaiming himself a free and sovereign citizen not subject to the jurisdiction of federal courts—"ha[ve] no conceivable validity in American law." *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990).

Underwood was charged in the original and superseding indictments with criminal offenses against the United States, and his presence in the country supplied the prerequisite for personal jurisdiction. His sovereign citizen arguments did not support the conclusion that the district court lacked jurisdiction over his prosecution. The district court thus did not reversibly err in rejecting them.

## II.

Underwood also raises challenges to the district court's denial of his motion to suppress. In reviewing a district court's ruling on a motion to suppress, we review its legal conclusions de novo and its factual findings for clear error. *United States v. Stover*, 808 F.3d 991, 994 (4th Cir. 2015). A factual finding is clearly erroneous if this court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 337 (4th Cir. 2008) (internal quotation marks omitted). However, "if the district court's account of the evidence is

3

plausible in light of the record viewed in its entirety," this court will not reverse the district court's finding even if it would have "decided the fact differently." *United States v. Stevenson*, 396 F.3d 538, 542 (4th Cir. 2005) (internal quotation marks and alteration omitted). In other words, when two views of the evidence are permissible, "the district court's choice between them cannot be clearly erroneous." *Id.* (internal quotation marks and alteration omitted).

We also defer to the district court's credibility determinations, "for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." *United States v. Abu Ali*, 528 F.3d 210, 232 (4th Cir. 2008). Because the Government prevailed on Underwood's suppression motion, we construe the evidence in the light most favorable to it. *Stover*, 808 F.3d at 994. After review of the record and the parties' briefs, we conclude that Underwood fails to establish any reversible error in the district court's denial of his motion to suppress.

Underwood contends first that there was no objectively reasonable basis for the traffic stop of the sedan he was driving. The district court based its conclusion that the stop of the sedan was lawful on suppression hearing testimony it credited that Underwood violated the law by failing to stop the sedan at a stop sign. "Absent compelling evidence to the contrary, this [c]ourt declines to overturn a factual determination founded on witness demeanor and credibility." *United States v. Locklear*, 829 F.2d 1314, 1317 (4th Cir. 1987) (per curiam); *see United States v. Jones*, 356 F.3d 529, 533 n.\* (4th Cir. 2004). Underwood, we conclude, fails to proffer such evidence.

4

Underwood challenges the district court's determination that reasonable suspicion supported his removal from the sedan and police officers' efforts to pat him down after the initial stop of the vehicle. "[A]n officer who makes a lawful traffic stop and who has a reasonable suspicion that one of the automobile's occupants is armed may frisk that individual for the officer's protection and the safety of everyone on the scene." *United States v. Robinson*, 846 F.3d 694, 696 (4th Cir.) (en banc), *cert. denied*, 138 S. Ct. 379 (2017); *see United States v. Sakyi*, 160 F.3d 164, 169 (4th Cir. 1998). Contrary to his arguments on appeal, however, Underwood was not stopped merely because marijuana had been in the sedan on a prior occasion and was not placed under arrest immediately after stepping out of the sedan. Additionally, the district court determined that a constellation of factors - including Underwood's nervous demeanor, the smell of marijuana emanating from the sedan, presence in a high-crime area, and suppression hearing testimony from one of the police officers that it credited regarding the likelihood that a firearm would be recovered during the stop - provided reasonable suspicion supporting Underwood's removal from the sedan and the efforts of the police officers to pat him down. On appeal, however, Underwood does not present specific argument explaining how or why this constellation of factors did not support the district court's determination on reasonable suspicion.

Underwood also challenges the search of the sedan and its contents as unreasonable in light of what he contends was his mere presence in a place where contraband not in plain view was present and the failure of the police officers to determine who had rented the sedan he was driving. This challenge is raised for the first

5

time on appeal, however, and, given the absence of any claim that refusal to consider the issue would be plain error or would result in a fundamental miscarriage of justice, we decline to consider it. *Muth v. United States*, 1 F.3d 246, 250 (4th Cir. 1993). We further reject as without merit Underwood's challenge to the district court's reliance on the inevitable discovery doctrine. *See Nix v. Williams*, 467 U.S. 431, 440-50 (1984); *United States v. Allen*, 159 F.3d 832, 838 (4th Cir. 1998).

### III.

Next, Underwood challenges the district court's pre-trial termination of his right to self-representation. We review de novo a district court's denial of a defendant's right to self-representation. *United States v. Bush*, 404 F.3d 263, 270 (4th Cir. 2005). Findings of fact supporting such a ruling are reviewed for clear error. *Id.*

The Sixth Amendment guarantees not only the right to be represented by counsel but also the right to self-representation. *Faretta v. California*, 422 U.S. 806, 807, 818-34 (1975). The right to self-representation, however, "is not absolute." *Indiana v. Edwards*, 554 U.S. 164, 171 (2008). Rather, the district court may terminate self-representation by a defendant "who deliberately engages in serious and obstructionist misconduct." *Faretta*, 422 U.S. at 834 n.46. "The right of self-representation is not a license to abuse the dignity of the courtroom." *Id.* It also is not "a license not to comply with relevant rules of procedural and substantive law." *Id.* The right further does not exist "to be used as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process." *United States v. Frazier-El*, 204 F.3d 553, 560 (4th Cir. 2000) (internal citations omitted).

6

Underwood's challenge to the district court's termination decision, which is made in wholly summary fashion, fails to appreciate that the decision was based on his obstructionist conduct in the proceedings below. This conduct included his continued advancement of his sovereign-citizen-based challenges to the court's jurisdiction, his disruptive outbursts and disrespectful behavior during court proceedings, his failure to comply with court orders, and his failure to conform his conduct with court rules and courtroom decorum, even in the face of repeated warnings by the district court throughout pretrial proceedings that his behavior was not appropriate and could result in adverse consequences. Viewing the entirety of the record, *see Frazier-El*, 204 F.3d at 560, we conclude that the district court did not reversibly err in terminating Underwood's self-representation right and directing that he be represented by counsel.

IV.

Underwood challenges the district court's denial of his Fed. R. Crim. P. 29 motions for a judgment of acquittal, arguing that the evidence was insufficient to support his convictions. We review a challenge to the sufficiency of the evidence supporting a conviction de novo and must affirm the jury's verdict if it is supported by substantial evidence, viewed in the light most favorable to the Government. *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted).

7

To convict a defendant of violating 18 U.S.C. § 922(g)(1), the Government must prove beyond a reasonable doubt that: "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had travelled in interstate or foreign commerce at some point during its existence." *United States v. Langley*, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). Underwood challenges as insufficient the Government's proof with respect to the first element, claiming that the testimony of two witnesses linking his booking information to records of his prior convictions was unreliable and incredible. Underwood's challenge addresses the credibility of the testimony given by these witnesses. It is the role of the jury, however, to weigh the credibility of the evidence, to resolve conflicts in the evidence, and—where the evidence supports different, reasonable interpretations—to decide which interpretation to believe. *United States v. McLean*, 715 F.3d 129, 137 (4th Cir. 2013). The jury was entitled to credit the testimony of these witnesses. As this court does not weigh evidence or review witness credibility in reviewing for substantial evidence, Underwood's evidentiary sufficiency challenge on count 1 fails as meritless.

To convict Underwood on count 2, the Government had to prove beyond a reasonable doubt that he: (1) knowingly, (2) possessed marijuana, (3) with intent to distribute it. *United States v. Randall*, 171 F.3d 195, 209 (4th Cir. 1999). Possession can be actual or constructive and may be established by circumstantial or direct evidence. *United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996) (en banc). A person has

8

constructive possession of contraband if he has "ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was concealed." *United States v. Herder*, 594 F.3d 352, 358 (4th Cir. 2010). Intent to distribute may be proved by a number of factors, including the amount of cash seized, the possession of drug paraphernalia, and the seizure of a quantity of drugs too large for personal consumption. *United States v. Fisher*, 912 F.2d 728, 730-31 (4th Cir. 1990). We reject as meritless Underwood's contention that the evidence was insufficient to prove his constructive possession of marijuana or his intent to distribute it. The evidence adduced at trial, viewed in the light most favorable to the Government, provided ample bases from which the jury could find knowing possession and intent.

To convict Underwood on count 3, the Government had to prove beyond a reasonable doubt that he knowingly possessed a firearm in furtherance of his marijuana possession offense. *United States v. Perry*, 560 F.3d 246, 254 (4th Cir. 2009). Underwood argues that the evidence is insufficient to support his conviction on count 3 because witness testimony that the firearm recovered from this person was manufactured in Maine was speculative. There is, however, no requirement that the firearm used in a § 924(c) offense travel in or affect interstate commence. Further, as noted, this court does not review witness credibility. We therefore reject Underwood's evidentiary sufficiency challenge on count 3.

V.

Underwood challenges his 360-month sentence. We review Underwood's sentence for reasonableness under a deferential abuse of discretion standard. *Gall v.*

9

*United States*, 552 U.S. 38, 41, 51 (2007); *United States v. Lymas*, 781 F.3d 106, 111 (4th Cir. 2015). In doing so, we first examine the sentence for procedural error, which includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) (2012) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Lymas*, 781 F.3d at 111-12 (quoting *Gall*, 552 U.S. at 51). We then review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. *Id.*

Underwood contends that the district court erred in applying the two-level enhancement under USSG § 3C1.2 for reckless endangerment during flight. Although the district court concluded that the enhancement applied in Underwood's case, this ruling, we conclude, did not affect the calculation of Underwood's Guidelines range because that calculation was determined under USSG § 4B1.1(c) based on Underwood's status as a career offender. Accordingly, any error by the district court in its § 3C1.2 ruling does not warrant vacatur of the sentence. *Accord United States v. McManus*, 734 F.3d 315, 318 (4th Cir. 2013) (sentencing error is subject to review for harmlessness).

Next, Underwood challenges the district court's decision not to grant him a two-level reduction under USSG § 3E1.1 for acceptance of responsibility. A two-level reduction in a defendant's offense level is warranted if he "clearly demonstrates" acceptance of responsibility for his offenses. USSG § 3E1.1(a). To receive a reduction under USSG § 3E1.1, a defendant "must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct." *United States v. May*, 359 F.3d 683, 693 (4th Cir. 2004) (internal quotation marks omitted). An offense level reduction under USSG § 3E1.1, however, is not intended to apply to a defendant who, like Underwood, "puts the government to its burden of proof at trial by denying the essential factual elements of guilt, [and] is convicted." USSG § 3E1.1 cmt. n.2. Moreover, both in the proceedings below (and now on appeal), Underwood did not (and does not now) admit his guilt of or responsibility for the criminal conduct underlying counts 1, 2, and 3. The district court thus did not clearly err in refusing to grant the two-level reduction under USSG § 3E1.1(a) for acceptance of responsibility. *See May*, 359 F.3d at 688 (stating standard of review).

Finally, Underwood challenges the substantive reasonableness of his 360-month sentence. Focusing on the length of his prior terms of imprisonment, Underwood claims that the 360-month term does not satisfy sentencing goals. We reject Underwood's contention because it essentially asks this court to substitute its judgment for that of the district court, who concluded that a 360-month sentence was sufficient, but not greater than necessary, to achieve the purposes of sentencing after weighing relevant § 3553(a) factors. While this court may have weighed the § 3553(a) factors differently had it

11

imposed sentence in the first instance, we defer to the district court's decision that a 360-month sentence achieved the purposes of sentencing in Underwood's case. *See Gall*, 552 U.S. at 51 (explaining that appellate courts "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" the sentence imposed); *United States v. Rivera-Santana*, 668 F.3d 95, 105 (4th Cir. 2012) (stating it was within district court's discretion to accord more weight to a host of aggravating factors in defendant's case and decide that the sentence imposed would serve the § 3553 factors on the whole). In light of the "extremely broad" discretion afforded to a district court in determining the weight to be given each of the § 3553(a) factors in imposing sentence, *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011), Underwood fails to overcome the presumption that his within-Guidelines sentence is substantively reasonable.

## VI.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*